UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR195(JAM) |
| | : | |
| v. | : | |
| | : | |
| FAREED AHMED KHAN | : | September 26, 2018 |

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT, 18 U.S.C. APP. III**

The United States of America, by and through the undersigned attorney, respectfully requests that the Court hold a status conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The government respectfully submits this memorandum of law to apprise the Court of the applicability of CIPA to matters relating to classified information that may arise in connection with the prosecution, both before and during trial. In addition, the government submits this memorandum of law in support of the government's motion for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters. The government respectfully requests that the CIPA Section 2 status conference be scheduled at the Court's earliest convenience.

**OVERVIEW OF RELEVANT CIPA PROVISIONS**

The Classified Information Procedures Act, codified at 18 U.S.C. App. III, is a set of procedures by which federal district courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.[1] CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the

---

[1] Under CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* at § 1(b).

1

government's right to protect classified material in the national interest." *United States v. Abu-Jihaad*, 630 F.3d 102, 141 (2d Cir. 2010) (quoting *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996)); *see also United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) ("The statute was meant to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." (internal quotation marks and alterations omitted)). CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002).

The Supreme Court has acknowledged the importance of protecting national security information from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence services." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligences services whose reports are not and ought not to be published to the world.").

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *see also United States v. Dumeisi*, 424 F. 3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (*en banc*). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. *See Aref*, 533 F.3d at 80; *see also United States v. Klimavicius-Viloria*, 144 F.3d

2

1249, 1261 (9th Cir. 1998); *United States v. Baptista-Rodriguiez*, 17 F.3d 1354, 1363-64 (11th Cir. 1994); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Accordingly, CIPA does not expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense. *See United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) (CIPA does not enlarge the scope of discovery or of exculpatory information disclosed pursuant to *Brady v. Maryland*). Nor does CIPA provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. *See Baptista-Rodriguez*, 17 F.3d at 1364.

Below are descriptions of various sections of CIPA. Under the procedures therein, issues concerning the discoverability of classified information by the defendant and/or his counsel are resolved, often *ex parte* and *in camera*, and the government is made aware prior to trial, through *in camera* hearings, whether classified information must be disclosed in open criminal proceedings. Although the government does not anticipate that each CIPA section summarized below will be relevant to the above-captioned matter, it nonetheless believes that their description will prove helpful to the Court as it considers any future government filings and proceedings pursuant to CIPA.

    A.    <u>Section 2 - Pretrial Conference</u>

Section 2 of CIPA authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. 18 U.S.C. App. III § 2. CIPA provides an equal

opportunity for the government and the defendant to request such a pretrial conference to address requests related to discovery, disclosure, or use of classified information.

B.     Section 3 - Protective Order

Section 3 states that the district court shall issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. 18 U.S.C. App. III §3. The legislative history of CIPA provides that the terms of a protective order may include, but need not be limited to, the following provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, *reprinted in* 1980 U.S.C.C.A.N. at 4299.

Section 3 was intended to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders, s*ee Pappas*, 94 F.3d at 801 (quoting H.R. Rep. No. 96-831, pt. 1, at 26 (1980)), as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[2]  In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution (for example as *Brady* and *Jencks* material). *See id.*

---

[2] Rule 16(d)(1) provides in relevant part that at any time the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.

C.        Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; *see e.g.*, *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F.2d at 619–625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823 at 6, *reprinted in* 1980 U.S.C.C.A.N. at 4299–4300; *see also Abu-Jihaad*, 630 F.3d at 140.

Section 4 provides, in pertinent part, that a district court:

[u]pon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.

In essence, Section 4 allows the government to request that a court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or Fed. R. Crim. P. 26.2 (formerly the *Jencks* Act, 18 U.S.C. § 3500 (1976)), and to protect such classified information from disclosure through various means if it is discoverable. *See United States v. Libby*, 429 F.

Supp. 2d 18, 22 (D.D.C. 2006) (amended by *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006)); *see also Klimavicius-Viloria*, 144 F.3d at 1261–62; *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619–25; *Pringle*, 751 F.2d at 427–28; *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596 n.6 (E.D. Va. 2002). As an alternative to withholding classified information, Section 4 further provides that the government may demonstrate that the use of a substitution or alternative submission of a statement is warranted in an *ex parte*, *in camera* submission to the court alone. *See Aref*, 533 F.3d at 81 ("In a case involving classified documents, . . . *ex parte*, *in camera* hearings in which the government counsel participates to the exclusion of the defense counsel are part of the process that the district court may use in order to decide the relevancy of the information." (quoting *Klimavicius-Viloria*, 144 F.3d at 1261)); *see also Yunis*, 867 F.2d at 619.

By way of example, the government can request that the court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. *See, e.g.*, *Abu-Jihaad*, 630 F.3d at 141-42; *Yunis*, 867 F.2d at 624-25; *Libby*, 429 F. Supp. 2d at 47–48. Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. *See Libby*, 429 F. Supp. 2d at 47; *see also In re Terrorist Bombings of the U.S. Embassies in E. Afr.*, 552 F.3d 93, 124-25 (2d Cir. 2008) (approving the substitution of government stipulations in the place of otherwise helpful classified information); *Dumeisi*, 424 F.3d at 578 (approving substitution of unclassified summary in the place of classified information); *United States v. Rahman*, 870 F. Supp. 47, 53 (S.D.N.Y. 1994) ("[I]t is sufficient to disclose the substance of the information….[T]he document itself need not be disclosed.").

If the district court determines that a document is not subject to discovery or, alternatively,

6

if it permits deletion or substitution of classified information within a document, then the entire text of any *ex parte*, *in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4; *see also United States v. Aref*, No. 04-CR-402, 2006 WL 1877142, at *2 (S.D.N.Y. July 6, 2006).

        D.      <u>Section 5 - Procedure for Cases Involving Classified Information Possessed by the Defendant</u>

Should the defendant wish to introduce classified information in the course of any trial, the district court must determine that the provisions of CIPA Section 5 have been followed. Pursuant to Section 5(a) of CIPA, the defendant must specify the precise classified information he reasonably expects to disclose or to cause the disclosure of "in any manner in connection with any trial or pretrial proceeding." *See, e.g., United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984). As stated in *United States v. Collins*, 720 F.2d 1195, 1199–1200 (11th Cir. 1983), "[t]he Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case….Section 5(a) is the central document in CIPA."

The requirement for specific notice, or particularity, is a necessary component to a proper notice and applies to documentary exhibits and oral testimony, whether it is anticipated to be brought up on direct or cross-examination. *See Wilson*, 750 F.2d at 9. The defendant is not allowed to disclose any classified information that may be known to the defendant to be classified, or believed to be classified, in connection with any pretrial proceeding or at trial until proper notice is given pursuant to Section 5, so the government is afforded a reasonable opportunity to seek a determination pursuant to the provisions of Section 6 of CIPA.

        E.      <u>Section 6 - Procedure for Determining the Admissibility of Classified Information</u>

The district court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of any proposed evidence that may involve classified information.

Should the defendant seek to introduce classified information, having provided sufficient notice pursuant to Section 5, the district court shall hear proffers or arguments from either the government or the defendant at a Section 6(a) hearing as to the nature of the proposed evidence that involves classified information and then shall issue a ruling whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[3] *See Smith*, 780 F.2d at 1106; *see generally Yunis*, 867 F.2d at 622. The district court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. *See Wilson*, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the district court must state in writing the reasons for its determination as to each item of classified information.

Following any Section 6(a) hearing and formal findings of admissibility by the district court, the United States may move under Section 6(c) to substitute an admission of relevant facts or summaries for classified information that the court rules are admissible. *Rezaq*, 134 F.3d at 1142. The court must grant the motion for substitution "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and

---

[3] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord Smith*, 780 F.2d at 1106.

admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure. 18 U.S.C. App. III § 6(e)(1). In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information." *Id.* Section 6(e) then authorizes the Court to impose remedies, such as dismissing specified counts of the indictment, or precluding testimony of a witness. *Id.* at § 6(e). Such an order shall not take effect until the Court has afforded the government the opportunity to appeal.

Similar to the manner in which a district court deals with a request by a defendant to use classified information, the government may move under Section 6(a) to have classified information disclosed in discovery and introduced as affirmative evidence at trial in its case-in-chief. In doing so, the government may request that the district court hold a hearing under Section 6(a) to consider the use pursuant to Section 6(c) of any proposed alternative procedures for the disclosure of classified information, whether by substitution of a statement admitting or stating relevant facts, summarizing the specific classified information, or by substituting some other form of information that would substantially disclose or represent the specific classified information with no prejudice to the defendant. *See Rezaq*, 134 F.3d at 1142.

F.  Section 7 - Interlocutory Appeal

Section 7 of CIPA permits the United States to take an interlocutory appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. *Id.* at § 7. Section 7 requires the court of appeals to give expedited treatment to any such interlocutory appeal. *Id.*

If such appeal is taken, trial shall not commence, or must be adjourned if already

commenced, until the appeal is resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at § 7(b). In sum, CIPA permits the government to make an informed decision concerning the costs of going forward with a prosecution involving classified information. *See Collins*, 720 F.2d at 1196.

      G.      <u>Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at a Pretrial Proceeding</u>

Section 8 of CIPA prescribes additional protections and procedures governing the introduction of classified information into evidence. *Id.* at § 8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. *See* S. Rep. No. 96-823 at 10, *reprinted in* 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the district court to admit into evidence only a part of a document when fairness does not require the whole document to be considered. The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. *Id.* at 10–11, 1980 U.S.C.C.A.N. at 4304.

Lastly, Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.

Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. III § 8(c). Following an objection, the district court shall take

suitable action to determine whether the response is admissible "as will safeguard against the compromise of any classified information." *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to address situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304–05.

## ARGUMENT

The defendant Fareed Ahmed Khan is charged with making a false statement to law enforcement in the course of a terrorism investigation, in violation of 18 U.S.C. § 1001. In the instant case, classified material may exist that could be subject to disclosure in advance of trial under applicable rules, statutes, and/or case law. The disclosure of such material would raise issues of national security that the Court should address before the material is provided to the defense. Thus, the United States anticipates that issues relating to classified information may arise in connection with this case due to the nature of the charges. Accordingly, the United States respectfully moves for a pretrial conference pursuant to Section 2 of CIPA to establish a motion schedule relating to any classified information.

The government further requests that this conference be held as soon as convenient for the Court. Prior to the Section 2 pretrial conference, the government expects to complete its efforts to identify all possible classified material and determine its potential applicability, nature, and volume. At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.[4] Based

---

[4] Because of the classified nature of any such information, the government will not be able to describe the nature of the information in open court. Should the Court wish a submission regarding the nature of the information, the

on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, if necessary, relating to the deletion, substitution, and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure. *Id.* at § 4. If those motions are filed, the Court then should address in a classified setting pursuant to CIPA whether and how material is provided to the defense.

Finally, pursuant to Section 4 of CIPA, the government will request that the Court authorize an *in camera*, *ex parte* submission regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to a protective order. *Id.* Courts have consistently held that *in camera*, *ex parte* submissions to a district court in matters involving national security are proper. *See, e.g., United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United State v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003); *Pringle*, 751 F.2d at 427.

---

government would request authorization to convey that information *ex parte* and *in camera*, either orally at a sealed conference or through a sealed letter.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court schedule a conference to establish a motion schedule relating to any classified information, pursuant to Section 2 of CIPA.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY
    /s/
    VANESSA RICHARDS
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. phv05095
    United States Attorney's Office
    1000 Lafayette Boulevard, 10th Floor
    Bridgeport, Connecticut 06604
    (203) 696-3000/ (203) 579-5575 (fax)
    Vanessa.Richards@usdoj.gov

## **CERTIFICATION**

I hereby certify that on September 26, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY