1                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT
2
                                    )
3    UNITED STATES OF AMERICA,       )   No. 3:18-CR-00195-JAM-1
                                    )   141 Church Street
4                 vs.               )   New Haven, Connecticut
                                    )
5    FAREED AHMED KHAN.             )   August 30, 2017
                                    )
6    _____)

7         TRANSCRIPT OF INITIAL APPEARANCE AND DETENTION HEARING

8             BEFORE THE HONORABLE SARAH A. L. MERRIAM

9                   UNITED STATES MAGISTRATE JUDGE

     APPEARANCES:
10   For the Plaintiff:        VANESSA RICHARDS, AUSA
                               U.S. Attorney's Office-BPT
11                             1000 Lafayette Boulevard
                               10th Floor
12                             Bridgeport, CT 06604

13   For the Defendant:        TRACY HAYES, ESQ.
                               Federal Public Defender's Office-NH
14                             265 Church Street
                               Suite 702
15                             New Haven, CT 06510

16

17

                               KEITH HALL
18   Also Present:             FBI Special Agent

19                             ROBERT BOUFFARD
                               United States Probation Officer
20

21   ECR Operator:            FTR-CR5

22                            Amy DiGiacomo
                               eScribers
23                         7227 N. 16th Street
                               Suite #207
24                         Phoenix, AZ 85020
                              (973) 406-2250
25

1                              I N D E X

2    RULINGS:                                    PAGE   LINE
     Case is unsealed.                            7      6
3    Defendant is released on conditions as       17     15
     outlined on the record.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy

```
 1              (6:11 O'CLOCK, P.M.)

 2              THE COURT:  Good afternoon, everybody.  Please be

 3     seated.  We're here in the matter of United States v. Fareed

 4     Khan; case number is not yet assigned.

 5              I'll take appearances of counsel, beginning with the

 6     Government.

 7              MS. RICHARDS:  Good afternoon, Your Honor.  Vanessa

 8     Richards for the Government.  Also seated at Government's

 9     table is FBI Special Agent, Keith Hall.

10              THE COURT:  Good afternoon.

11              MR. HAYES:  Good afternoon, Your Honor.  Tracy Hayes

12     on behalf of Mr. Khan who's before Your Honor this afternoon.

13              THE COURT:   Good afternoon, Mr. Khan.

14              THE DEFENDANT:  Good afternoon.

15              THE COURT:  Let me inquire, Mr. Hayes, is there a

16     language barrier I should be aware of?

17              MR. HAYES:  Not that I'm aware of, Your Honor, no.

18              THE COURT:  All right.

19              THE DEFENDANT:  Yeah, I understand, but sometime I no

20     understand.  I can say things in some word.

21              THE COURT:  Okay.

22              THE DEFENDANT:  English my second language.  Mostly I

23     stand -- understand, but not a hundred percent.

24              THE COURT:  Okay, so what I'm --

25              THE DEFENDANT:  Sometime I need --
```

Colloquy

1          THE COURT:  -- I'm going to tell you some important

2     things.

3          THE DEFENDANT:  Yes.

4          THE COURT:  And I want you to stop me and ask me if

5     you need me to repeat it --

6          THE DEFENDANT:  Yes, sure.

7          THE COURT:  -- or explain it in different words,

8     because sometimes we use legal words --

9          THE DEFENDANT:  Yes.

10          THE COURT:  -- when normal words would do.

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay?  All right.

13          So the first thing I want to inform you of is that

14     you have been arrested on a criminal complaint.  And that's a

15     way that we bring criminal charges sometimes in federal court.

16     So I don't want you --

17          THE DEFENDANT:  I --

18          THE COURT:  -- to answer -- to tell me anything about

19     the charges right now, because I'm going to talk to you about

20     your rights first and make sure you have --

21          THE DEFENDANT:  Sure.

22          THE COURT:  -- a lawyer and that's Mr. Hayes, okay?

23          THE DEFENDANT:  Okay.

24          THE COURT:  All right.  So first let me start by

25     informing you of your rights.  You have the right to remain

Colloquy

1   silent.  It means you are not required to say anything to

2   anyone that might incriminate you or lead someone to find you

3   guilty of this charge.  If you've already made a statement,

4   you do not need to continue speaking.  If you start speaking,

5   you can stop at any time.  And if you choose to make a

6   statement, you always have the right to have a lawyer with

7   you.  Do you understand those rights?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Okay.  And the reason those rights are so

10  important is that anything you say, whether it's a statement

11  to a judge in court or to a friend or family member or to an

12  agent, can be used to prosecute you on the charge that's

13  already filed or on other charges.  Do you understand that?

14          THE DEFENDANT:  No, repeat that again.

15          THE COURT:  Okay, so anything that you say, whether

16  you say it formally in court like this --

17          THE DEFENDANT:  Okay.

18          THE COURT:  -- or whether you just make a comment to

19  someone in your home or on the street --

20          THE DEFENDANT:  Okay.

21          THE COURT:  -- or on the phone -- anything you say

22  that relates to this case or anything that could be charged

23  criminally, they can use that statement to prosecute you.

24          THE DEFENDANT:  Okay.

25          THE COURT:  Okay.  And then that leads us to why it's

Colloquy

1    so important that you have a right to a lawyer.

2              THE DEFENDANT:  Okay.

3              THE COURT:  So you have a right to a lawyer at every

4    stage of this process.  And so --

5              THE DEFENDANT:  Okay.

6              THE COURT:  -- we asked Mr. Hayes to be here for you

7    today.

8              THE DEFENDANT:  Okay.

9              THE COURT:  And you have that right no matter whether

10   you have the money to hire your own lawyer or not.  And so

11   what I'm going to do today is appoint Mr. Hayes to represent

12   you at the court's expense.  We're going to pay Mr. Hayes to

13   represent you.

14             THE DEFENDANT:  Okay.

15             THE COURT:  And then you and Mr. Hayes will talk more

16   later about what you have to show the Court to make that a

17   permanent appointment.  In other words, you'll have to fill

18   out some paperwork so that Mr. Hayes can tell me whether he

19   believes you could afford your own lawyer that you paid, or

20   whether I should continue to pay a lawyer for you.  Okay?

21             THE DEFENDANT:  Okay.

22             THE COURT:  All right.  But we don't need to do that

23   tonight; all right?  So I'm going to appoint Mr. Hayes.

24             And Mr. Hayes, can you get back to me within twenty-

25   one days with an affidavit?

Colloquy

 1            MR. HAYES:  Absolutely, Your Honor.

 2            THE COURT:  All right.

 3            Ms. Richards, is the Government moving to unseal the

 4    complaint?

 5            MS. RICHARDS:  We are, Your Honor.

 6            THE COURT:  All right.  The case will be unsealed.

 7            MS. RICHARDS:  Can I hand up the document?

 8            THE COURT:  Yes, thank you.

 9            All right.  Mr. Hayes, have you received a copy of

10    the complaint?

11            MR. HAYES:  We have, Your Honor.

12            THE COURT:  Okay.  So I'm going to ask in a minute

13    the prosecutor to summarize the charge in the complaint.

14            THE DEFENDANT:  Okay.

15            THE COURT:  But I will inform you that the charge in

16    the complaint is a charge of making a false statement

17    specifically to a law enforcement officer.  Again, I don't

18    want you to tell us anything about the charges today -- you're

19    going to talk to your lawyer about that later -- but what I'm

20    going to do is I'm going to ask Attorney Richards to explain

21    the charge a little bit and to tell us what the maximum

22    possible sentence could be.

23            I'm not doing that because we have any reason to know

24    what will happen with this case in the future, but only

25    because even at the very beginning it's important to

Colloquy

1    understand what kind of charge we're dealing with, okay?

2          All right, Ms. Richards?

3          MS. RICHARDS:  Thank you, Your Honor.  As you

4    mentioned, the defendant has been charged with making a false

5    statement to law enforcement in violation of 18 United States

6    Code Section 1001.  This particular provision carries a five-

7    year maximum penalty in prison, a 250,000-dollar fine, and a

8    three-year term of supervised release, and 100-dollar special

9    assessment.

10          It should be noted that at this point, while the

11   complaint is --- the complaint is on the five-year charge,

12   there is the possibility -- and I would just like to note it

13   on the record -- that the defendant could be facing the

14   enhanced charge of making a false statement in the course of a

15   terrorism investigation.  That would increase his maximum

16   penalty to eight years.  And again, I just want that to be on

17   the record.

18          THE COURT:  All right, thank you.

19          All right.  It's my understanding from the

20   Government's papers that you are a citizen of the United

21   States, but I need to advise you that if you do have

22   citizenship rights in any other country, you would have a

23   right to have the embassy or the consulate of that country

24   informed of your arrest in case they could be helpful.  I

25   don't want you to tell me anything about your citizenship now,

Colloquy

1    but you should talk to Mr. Hayes after we're done today, okay?

2    All right.

3              Let me just inquire -- I can tell from your shirt

4    that you've been at work today; is that right?

5              THE DEFENDANT:  Yeah.

6              THE COURT:  All right.  Have you had any drugs or

7    alcohol?

8              THE DEFENDANT:  No.

9              THE COURT:  No?  And are you seeing a doctor or

10   taking any medication these days?

11             THE DEFENDANT:  Right now, I have arthritis, and

12   tomorrow I have a appointment with the specialist.  But right

13   now, I no take any medicine, but sometime when the very

14   painful, I take the medicines.

15             THE COURT:  Okay.  All right.  Thank you.  Can you

16   tell me how old you are, Mr. Khan?

17             THE DEFENDANT:  How old?

18             THE COURT:  Yes.

19             THE DEFENDANT:  Fifty-nine.

20             THE COURT:  All right.  And how far have you gone in

21   school?  Have you --

22             THE DEFENDANT:  Like high school.

23             THE COURT:  High school?  Okay.  All right.  Thank

24   you.  And Mr. Hayes knows this, but in the future, if it's

25   helpful to you for us to have an interpreter available, we'll

Colloquy

1   make one available, okay?  All right.  You can be seated.

2            MR. HAYES:  Thank you, Your Honor.

3            THE COURT:  Thank you.

4            THE DEFENDANT:  Thank you.

5            THE COURT:  Ms. Richards, what's the Government's

6   position on detention?

7            MS. RICHARDS:  Your Honor, we are -- are not moving

8   to detain the defendant.  I would like to figure out a bond

9   situation for him.  Specifically, I just want to make sure

10  that we have his passport, because it's my understanding that

11  he does have family abroad, so I'd like to be able to address

12  that issue.

13           I don't know whether or not he owns his home, but I

14  would ask that his home be eventually put up for bond in terms

15  of a surety.  I realize that given the hour and given the

16  current situation with the clerk's office that may not be

17  possible to do that today, but I would ask that Mr. Hayes, at

18  the very least, or if the agents have not already acquired the

19  passport of the defendant, that that happen this evening.

20           THE COURT:  Can you inquire of the agents whether

21  they have seized --

22           UNIDENTIFIED SPEAKER:  We have not.

23           THE COURT:  -- his passport?

24           MS. RICHARDS:  No, they have not.

25           THE COURT:  All right.

Colloquy

1          Mr. Hayes, can you inquire of your client whether he

2     has a passport?

3          MR. HAYES:  He does, Your Honor, and it's at home.

4          THE COURT:  Okay.  All right.  I will tell everybody,

5     for the record, Mr. Bouffard and I, prior to your arrivals

6     here, went on the Manchester Property Assessors site and did

7     find Mr. Khan's home.  It appears he has at least one co-

8     owner.  And so what I would propose is a bond that's secured

9     by Mr. Khan's agreement to forfeit the property, and then Mr.

10    Hayes would follow up with any co-owners to inquire whether

11    they would be willing to serve as sureties; and if not we'll

12    revisit the question.

13         MS. RICHARDS:  Thank you, Your Honor.

14         MR. HAYES:  Yes, Your Honor.

15         THE COURT:  All right.  So what I'm going to do is

16    read a set of conditions that are the conditions of release

17    I'm considering imposing.  And I'm also going to give this to

18    you in writing so you don't have to remember them.  But I want

19    to review them out loud with everybody so that I can have your

20    feedback before we make a final decision.

21         I will note for the record that this is not a case

22    that triggers any kind of presumption, and there's been no

23    showing of risk of flight or danger to the community.  And so

24    release on conditions is appropriate.  And the reason there

25    are conditions needed rather than simply a release on personal

Colloquy

1   recognizance is the nature of the offense, the strength of the

2   evidence, and the defendant's ties to another country.

3          So here are the proposed conditions.  The

4   defendant -- that's you -- may not violate any law.  The

5   defendant must cooperate in the collection of a DNA sample,

6   which is authorized for all felonies.  So that will happen,

7   maybe not even today, but soon.  The defendant will advise the

8   Court -- so you'll talk to your lawyer and a probation officer

9   if you're going to change your address or phone number.

10          You'll appear in court as required.  I'm setting the

11   next court date for September 20th at 9:30, that's the

12   probable cause hearing.  Defendant will sign a 50,000-dollar

13   bond which will be secured by the property owned by him

14   Manchester.  Mr. Bouffard has the address.  Mr. Hayes will

15   inquire of the co-owners listed on the property assessor's

16   database as to their willingness to serve as co-signers.

17          The defendant will submit to supervision by the

18   Probation Office.  So what that means, Mr. Khan, is that there

19   will be an officer who you're required to check in with.  And

20   they may stop by your house.  They'll come around to ask you

21   questions throughout this process.

22          You'll surrender your passport to counsel.  And I'd

23   like that to happen by the end of this week, so by Friday.

24          And Mr. Hayes you can arrange for that to go -- it

25   doesn't have to go personally to you as long as it goes to

Colloquy

1    your office since Mr. Khan lives closer to Hartford.

2              You're not to obtain -- you're not to get a new

3    passport of any kind or international travel document like a

4    visa.  You're not to leave the State of Connecticut for any

5    reason.

6              You'll get medical or psychiatric treatment if the

7    Probation Office directs it.  So if they feel there's a need

8    for some kind of treatment that they can help you with, they

9    can order that.

10             Mr. Hayes can you inquire of Mr. Khan whether there

11   are any firearms or other weapons in the home?

12             MR. HAYES:  No, Your Honor.

13             THE COURT:  All right.  So you're not to possess a

14   firearm or any dangerous weapon --

15             THE DEFENDANT:  No.

16             THE COURT:  -- and possessing includes if someone

17   that you're with in a car or a house has one.  So make sure

18   you talk with Mr. Hayes about how to make sure to stay safe on

19   that condition.

20             I'm going to waive any alcohol or drug testing

21   because there's no indication of a history of abuse.

22             You'll report -- if you have any contact with police

23   or law enforcement, you'll report that to your lawyer and your

24   probation officer.

25             And because of the nature of the underlying

Colloquy

1    allegations in this case which relate to the diversion of

2    funds, I am contemplating a condition requiring approval of

3    the probation in advance of certain financial transactions.

4              Mr. Hayes, perhaps you can inquire if he -- what his

5    monthly mortgage payment is, f he knows?

6              THE DEFENDANT:  It is 1,700.

7              THE COURT:  Okay.  So what I'm going to order is if

8    there's any financial transactions you make, that's receiving

9    money or paying out money, other than your mortgage payment --

10   that is more than 1,000 dollars --

11             THE DEFENDANT:  Yeah.

12             THE COURT:  -- you have to get approval from the

13   probation office first.

14             All right.  Those are the conditions I'm

15   contemplating.  Ms. Richards, is there anything the Government

16   is seeking that I have not ordered?

17             MS. RICHARDS:  No, Your Honor.

18             THE COURT:  Mr. Bouffard, any concerns from the

19   Probation Office?

20             MR. BOUFFARD:  No, Your Honor.

21             THE COURT:  Mr. Hayes, any objections to those

22   proposed conditions?

23             MR. HAYES:  No, Your Honor.

24             THE COURT:  All right.  Mr. Hayes, can you inquire of

25   your client while I print this what time he was arrested today

Colloquy

1    or what time he first was approached by law enforcement today?

2              MR. HAYES:  Your Honor, it was 3:30 this afternoon.

3              THE COURT:  All right, thank you.

4              So I'm going to hand Mr. Hayes -- I'm going to hand

5    you this set of conditions.  I'm going to ask you to review

6    these with your client and have your client initial next to

7    each condition that I've imposed, which is all five conditions

8    on the first page and the conditions on the second page marked

9    with an X.  And then you can review briefly the penalties and

10   sanctions, and if he agrees to comply, he can sign on page 3.

11             While Mr. Hayes and Mr. Khan are doing that, Mr. --

12   Agt. Hall let me inquire of you through Ms. Richards or

13   directly, why it is that the Government -- U.S. Attorney's

14   Office did not receive notice of this arrest promptly at the

15   time that Mr. Khan was encountered?

16             MR. HALL:  You did, Your Honor.  You were contacted

17   by Supervisor Special Agent Andrew Klaufer (ph.)

18             MS. RICHARDS:  At 4.

19             MR. HALL:  But Andy said he contacted you.  You were

20   aware of the arrest today.  He was brought to our office per

21   our policy.  We would have brought him to Hartford.  You

22   wanted to bring him here.

23             MS. RICHARDS:  Special Agent Hall indicates that it

24   was his understanding that Special Agent Klaufer, who is his

25   supervisor, who contacted me contemporaneously with the

Colloquy

1    arrest.  I will note that I think it was about half an hour or

2    forty-five minutes between those two times.  It may well be

3    that  Mr. Klaufer got delayed.  I don't know what the

4    situation is, but that's what happened.

5              THE COURT:  And --

6              MS. RICHARDS:  I will say also --

7              THE COURT:  Yes.

8              MS. RICHARDS:  -- that I think there was a situation

9    here where the left hand and the right hand may not have

10   communicated clearly with one another.  I thought it was

11   pretty evident that if he arrested someone in the Hartford

12   area that that person would be taken to Hartford as opposed to

13   New Haven.  So here we are.

14             THE COURT:  That is what the law requires.

15             MS. RICHARDS:  That is what the law requires.

16             THE COURT:  Is that a defendant be brought to the

17   closest available magistrate judge.  There is a magistrate

18   judge in Hartford.  There are usually two.  I happen to know

19   there was only one today.  But the process is not to bring the

20   defendant to the FBI's offices.  The process is to bring the

21   defendant to court.

22             You're welcome to be heard.  I'm not going to change

23   my thought on that.  It's probably not going to make me

24   happier hearing your explanation.  And if I need to talk to

25   the S.A.C. about it or to Klaufer -- whoever this -- the boss

Colloquy

1   is -- that's fine.  But when a person is arrested -- at least

2   in this district -- by the law and by the policy, they get

3   brought to court.  And court gets notified as quickly as

4   possible.  And that's -- that's the process.  Whatever is

5   convenient for the arresting agents is not the procedure

6   that's required by the Constitution, the law, or the court.

7           So I'm assuming that in future we won't have that

8   problem, and I'll follow up with my chief and others about how

9   to follow up on this particular case, because unnecessary

10  delay, which a drive to New Haven is, in the presentment of a

11  defendant, is problematic, I guess I'll say.

12          Thank you, Ms. Richards

13          MS. RICHARDS:  Thank you, Your Honor.

14          (Pause)

15          THE COURT:  All right.  I have here an order setting

16  conditions of release.  It has been initialed next to each

17  condition imposed by Mr. Khan and has been signed by Mr. Khan

18  on the third page.  I'll make sure that the clerk redacts the

19  street address from the signature line.

20          So Mr. Khan, I know that you've been listening

21  carefully today, and I'm confident that you'll follow these

22  conditions, but I'm required to inform you of the consequences

23  of what would happen if you didn't follow my orders.

24          So first, I could order you arrested and you could be

25  detained, meaning you could sit in jail while this case is

Colloquy

1    being worked out.  Second, I could order the bond -- this

2    50,000-dollar bond -- I could order that forfeited.  And that

3    would mean that the Government could come after you for 50,000

4    dollars and potentially take your house.

5              Separate from those kinds consequences which are part

6    of this case, a person who is on federal bond, if you commit a

7    misdemeanor crime, so reckless driving or disorderly conduct,

8    something minor, you can be sentenced to an extra year in

9    prison and 100,000-dollar fine just for the fact that that

10   occurred while you were on release.  And if you are

11   committing -- if you commit a felony while you are on release,

12   you could be sentenced to up to ten years in prison and a

13   250,000-dollar fine, again, just because it happened while you

14   were on release.

15             I have no reason to think that's going to be the

16   case.  But I need to make sure you understand just how

17   important it is you follow these conditions.

18             THE DEFENDANT:  Okay.

19             THE COURT:  And I want to encourage you to stay in

20   touch with Mr. Hayes and Mr. Bouffard -- who you're going to

21   meet when we're done.  He's from the Probation Office.  You'll

22   be assigned an officer and they can answer questions for you.

23   And Mr. Hayes can answer questions for you -- he's very

24   experienced --

25             THE DEFENDANT:  Okay.

Colloquy

1         THE COURT:  -- about making sure that if you have any

2   concerns about how to follow these conditions that you ask the

3   question.  Okay?

4         THE DEFENDANT:  Okay.

5         THE COURT:  All right.  As I mentioned at the very

6   beginning, the charge in this case is brought in a complaint.

7   And in federal court, a complaint is signed just by a judge

8   based on the representations of the agents.  So in federal

9   court, you have a right to challenge what's called probable

10   cause -- which is the basis for your arrest when you're

11   arrested on a complaint -- until and unless an indictment is

12   returned, and that's when a grand jury finds probable cause.

13         So I'm going to set a date for a hearing on probable

14   cause for September 20th at 9:30 a.m.  Mr. Hayes will talk to

15   you more about that.  It's very common that those hearings get

16   postponed -- delayed -- and Mr. Hayes will talk with you about

17   that.  You all will decide how you want to handle that.

18         All right.  Mr. Hayes, as you know Mr. Bouffard has

19   not had a chance yet to talk to Mr. Khan, so I'm going to

20   order Mr. Khan released for the Marshals' purposes, but I'm

21   going to ask that you coordinate with Mr. Bouffard before Mr.

22   Khan goes anywhere to make sure he has the information he

23   needs.

24         In addition, Mr. Khan will execute the bond itself,

25   but also a bond information sheet which provides us detailed

Colloquy

1   information and an agreement to forfeit -- do we have an

2   agreement to forfeit form -- an agreement to forfeit securing

3   the bond itself before you leave -- before you leave here

4   today.

5          Mr. Hayes, from your perspective, is there anything

6   else we need to do today?

7          MR. HAYES:  I don't believe so, Your Honor.

8          THE COURT:  Ms. Richards?

9          MS. RICHARDS:  No, Your Honor.  Thank you for

10  accommodating us on such short notice.

11         THE COURT:  Not a problem.

12         Mr. Bouffard?

13         MR. BOUFFARD:  No, Your Honor.

14         THE COURT:  All right.  Thank you all for being here

15  at this time, and thank you to my courtroom deputy for

16  sticking around; and we'll stand and recess.

17         COURTROOM DEPUTY:  All rise.  The Honorable United

18  States District Court is now in recess.

19         (Whereupon the above matter was concluded at 6:33

20  o'clock, p.m.)

21

22

23

24

25

C E R T I F I C A T I O N

I, Amy DiGiacomo, Official Court Transcriber for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of the proceedings in the aforementioned matter to the best of my skill and ability.

Date: October 7, 2018

_____

AMY DIGIACOMO

eScribers, LLC
352 Seventh Avenue, Ste. #604
New York, NY 10001
(973)406-2250
operations@escribers.net

UNITED STATES OF AMERICA V.
FAREED AHMED KHAN

August 30, 2017

## A

**able (1)**
10:11
**above (1)**
20:19
**abroad (1)**
10:11
**Absolutely (1)**
7:1
**abuse (1)**
13:21
**accommodating (1)**
20:10
**acquired (1)**
10:18
**addition (1)**
19:24
**address (4)**
10:11;12:9,14;17:19
**advance (1)**
14:3
**advise (2)**
8:21;12:7
**affidavit (1)**
6:25
**afford (1)**
6:19
**afternoon (8)**
3:2,7,10,11,12,13,14;
15:2
**again (4)**
5:14;7:17;8:16;
18:13
**Agent (5)**
3:9;5:12;15:17,23,24
**agents (4)**
10:18,20;17:5;19:8
**agreement (4)**
11:9;20:1,2,2
**agrees (1)**
15:10
**Agt (1)**
15:12
**alcohol (2)**
9:7;13:20
**allegations (1)**
14:1
**always (1)**
5:6
**Andrew (1)**
15:17
**Andy (1)**
15:19
**appear (1)**
12:10
**appearances (1)**
3:5
**appears (1)**
11:7
**appoint (2)**
6:11,23

**appointment (2)**
6:17;9:12
**approached (1)**
15:1
**appropriate (1)**
11:24
**approval (2)**
14:2,12
**area (1)**
16:12
**around (2)**
12:20;20:16
**arrange (1)**
12:24
**arrest (5)**
8:24;15:14,20;16:1;
19:10
**arrested (6)**
4:14;14:25;16:11;
17:1,24;19:11
**arresting (1)**
17:5
**arrivals (1)**
11:5
**arthritis (1)**
9:11
**assessment (1)**
8:9
**Assessors (1)**
11:6
**assessor's (1)**
12:15
**assigned (2)**
3:4;18:22
**assuming (1)**
17:7
**Attorney (1)**
7:20
**Attorney's (1)**
15:13
**authorized (1)**
12:6
**available (3)**
9:25;10:1;16:17
**aware (3)**
3:16,17;15:20

## B

**back (1)**
6:24
**barrier (1)**
3:16
**based (1)**
19:8
**basis (1)**
19:10
**beginning (3)**
3:5;7:25;19:6
**behalf (1)**
3:12
**believes (1)**
6:19

**bit (1)**
7:21
**bond (10)**
10:8,14;11:8;12:13;
18:1,2,6;19:24,25;20:3
**boss (1)**
16:25
**Bouffard (9)**
11:5;12:14;14:18,20;
18:20;19:18,21;20:12,
13
**briefly (1)**
15:9
**bring (4)**
4:15;15:22;16:19,20
**brought (5)**
15:20,21;16:16;17:3;
19:6

## C

**called (1)**
19:9
**can (24)**
3:20;5:5,12,23;6:18,
24;7:7;9:3,15;10:1,20;
11:1,19;12:24;13:8,9,
10;14:4,24;15:9,10;
18:8,22,23
**car (1)**
13:17
**carefully (1)**
17:21
**carries (1)**
8:6
**case (12)**
3:4;5:22;7:6,24;
8:24;11:21;14:1;17:9,
25;18:6,16;19:6
**cause (4)**
12:12;19:10,12,14
**certain (1)**
14:3
**challenge (1)**
19:9
**chance (1)**
19:19
**change (2)**
12:9;16:22
**charge (10)**
5:3,12;7:13,15,16,
21;8:1,11,14;19:6
**charged (2)**
5:22;8:4
**charges (4)**
4:15,19;5:13;7:18
**check (1)**
12:19
**chief (1)**
17:8
**choose (1)**
5:5
**citizen (1)**

8:20
**citizenship (2)**
8:22,25
**clearly (1)**
16:10
**clerk (1)**
17:18
**clerk's (1)**
10:16
**client (4)**
11:1;14:25;15:6,6
**closer (1)**
13:1
**closest (1)**
16:17
**co- (1)**
11:7
**Code (1)**
8:6
**collection (1)**
12:5
**comment (1)**
5:18
**commit (2)**
18:6,11
**committing (1)**
18:11
**common (1)**
19:15
**communicated (1)**
16:10
**community (1)**
11:23
**complaint (10)**
4:14;7:4,10,13,16;
8:11,11;19:6,7,11
**comply (1)**
15:10
**concerns (2)**
14:18;19:2
**concluded (1)**
20:19
**condition (4)**
13:19;14:2;15:7;
17:17
**conditions (14)**
11:16,16,24,25;12:3;
14:14,22;15:5,7,8;
17:16,22;18:17;19:2
**conduct (1)**
18:7
**confident (1)**
17:21
**Connecticut (1)**
13:4
**consequences (2)**
17:22;18:5
**considering (1)**
11:17
**Constitution (1)**
17:6
**consulate (1)**
8:23

**contact (1)**
13:22
**contacted (3)**
15:16,19,25
**contemplating (2)**
14:2,15
**contemporaneously (1)**
15:25
**continue (2)**
5:4;6:20
**convenient (1)**
17:5
**cooperate (1)**
12:5
**coordinate (1)**
19:21
**co-owners (2)**
11:10;12:15
**copy (1)**
7:9
**co-signers (1)**
12:16
**counsel (2)**
3:5;12:22
**country (3)**
8:22,23;12:2
**course (1)**
8:14
**COURT (77)**
3:2,10,13,15,18,21,
24;4:1,4,7,10,12,15,18,
22,24;5:9,11,15,16,18,
21,25;6:3,6,9,15,16,22;
7:2,6,8,12,15;8:18;9:6,
9,15,18,20,23;10:3,5,
20,23,25;11:4,15;12:8,
10,11;13:13,16;14:7,
12,18,21,24;15:3;16:5,
7,14,16,21;17:3,3,6,15;
18:19;19:1,5,7,9;20:8,
11,14,18
**courtroom (2)**
20:15,17
**court's (1)**
6:12
**crime (1)**
18:7
**criminal (2)**
4:14,15
**criminally (1)**
5:23
**current (1)**
10:16

## D

**danger (1)**
11:23
**dangerous (1)**
13:14
**database (1)**
12:16
**date (2)**

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

UNITED STATES OF AMERICA v.
FAREED AHMED KHAN

August 30, 2017

12:11;19:13
**days (2)**
6:25;9:10
**dealing (1)**
8:1
**decide (1)**
19:17
**decision (1)**
11:20
**DEFENDANT (48)**
3:14,19,22,25;4:3,6,
9,11,17,21,23;5:8,14,
17,20,24;6:2,5,8,14,21;
7:14;8:4,13;9:5,8,11,
17,19,22;10:4,8,19;
12:4,5,7,12,17;13:15;
14:6,11;16:16,20,21;
17:11;18:18,25;19:4
**defendant's (1)**
12:2
**delay (1)**
17:10
**delayed (2)**
16:3;19:16
**deputy (2)**
20:15,17
**detailed (1)**
19:25
**detain (1)**
10:8
**detained (1)**
17:25
**detention (1)**
10:6
**different (1)**
4:7
**directly (1)**
15:13
**directs (1)**
13:7
**disorderly (1)**
18:7
**district (2)**
17:2;20:18
**diversion (1)**
14:1
**DNA (1)**
12:5
**doctor (1)**
9:9
**document (2)**
7:7;13:3
**dollars (2)**
14:10;18:4
**done (2)**
9:1;18:21
**drive (1)**
17:10
**driving (1)**
18:7
**drug (1)**
13:20
**drugs (1)**

9:6

**E**

**eight (1)**
8:16
**else (1)**
20:6
**embassy (1)**
8:23
**encountered (1)**
15:15
**encourage (1)**
18:19
**end (1)**
12:23
**enforcement (4)**
7:17;8:5;13:23;15:1
**English (1)**
3:22
**enhanced (1)**
8:14
**even (2)**
7:25;12:7
**evening (1)**
10:19
**eventually (1)**
10:14
**everybody (3)**
3:2;11:4,19
**evidence (1)**
12:2
**evident (1)**
16:11
**execute (1)**
19:24
**expense (1)**
6:12
**experienced (1)**
18:24
**explain (2)**
4:7;7:20
**explanation (1)**
16:24
**extra (1)**
18:8

**F**

**facing (1)**
8:13
**fact (1)**
18:9
**false (3)**
7:16;8:4,14
**family (2)**
5:11;10:11
**far (1)**
9:20
**Fareed (1)**
3:3
**FBI (1)**
3:9

**FBI's (1)**
16:20
**federal (4)**
4:15;18:6;19:7,8
**feedback (1)**
11:20
**feel (1)**
13:7
**felonies (1)**
12:6
**felony (1)**
18:11
**Fifty-nine (1)**
9:19
**figure (1)**
10:8
**filed (1)**
5:13
**fill (1)**
6:17
**final (1)**
11:20
**financial (2)**
14:3,8
**find (2)**
5:2;11:7
**finds (1)**
19:12
**fine (4)**
8:7;17:1;18:9,13
**firearm (1)**
13:14
**firearms (1)**
13:11
**first (7)**
4:13,20,24;14:13;
15:1,8;17:24
**five (1)**
15:7
**five- (1)**
8:6
**five-year (1)**
8:11
**flight (1)**
11:23
**follow (7)**
11:10;17:8,9,21,23;
18:17;19:2
**forfeit (4)**
11:9;20:1,2,2
**forfeited (1)**
18:2
**form (1)**
20:2
**formally (1)**
5:16
**forty-five (1)**
16:2
**Friday (1)**
12:23
**friend (1)**
5:11
**funds (1)**

14:2
**future (3)**
7:24;9:24;17:7

**G**

**gets (1)**
17:3
**given (2)**
10:15,15
**goes (2)**
12:25;19:22
**Good (6)**
3:2,7,10,11,13,14
**Government (6)**
3:6,8;7:3;14:15;
15:13;18:3
**Government's (3)**
3:8;8:20;10:5
**grand (1)**
19:12
**guess (1)**
17:11
**guilty (1)**
5:3

**H**

**half (1)**
16:1
**Hall (5)**
3:9;15:12,16,19,23
**hand (5)**
7:7;15:4,4;16:9,9
**handle (1)**
19:17
**happen (6)**
7:24;10:19;12:6,23;
16:18;17:23
**happened (2)**
16:4;18:13
**happier (1)**
16:24
**Hartford (5)**
13:1;15:21;16:11,12,
18
**Haven (2)**
16:13;17:10
**HAYES (42)**
3:11,11,15,17;4:22;
6:6,11,12,15,18,23,24;
7:1,9,11;9:1,24;10:2,
17;11:1,3,10,14;12:14,
24;13:10,12,18;14:4,
21,23,24;15:2,4,11;
18:20,23;19:14,16,18;
20:5,7
**heard (1)**
16:22
**hearing (3)**
12:12;16:24;19:13
**hearings (1)**
19:15

**help (1)**
13:8
**helpful (2)**
8:24;9:25
**high (2)**
9:22,23
**hire (1)**
6:10
**history (1)**
13:21
**home (6)**
5:19;10:13,14;11:3,
7;13:11
**Honor (23)**
3:7,11,12,17;7:1,5,
11;8:3;10:2,7;11:3,13,
14;13:12;14:17,20,23;
15:2,16;17:13;20:7,9,
13
**Honorable (1)**
20:17
**hour (2)**
10:15;16:1
**house (3)**
12:20;13:17;18:4
**hundred (1)**
3:23

**I**

**important (5)**
4:1;5:10;6:1;7:25;
18:17
**imposed (2)**
15:7;17:17
**imposing (1)**
11:17
**includes (1)**
13:16
**increase (1)**
8:15
**incriminate (1)**
5:2
**indicates (1)**
15:23
**indication (1)**
13:21
**indictment (1)**
19:11
**inform (3)**
4:13;7:15;17:22
**information (3)**
19:22,25;20:1
**informed (1)**
8:24
**informing (1)**
4:25
**initial (1)**
15:6
**initialed (1)**
17:16
**inquire (10)**
3:15;9:3;10:20;11:1,

UNITED STATES OF AMERICA v.
FAREED AHMED KHAN

August 30, 2017

10;12:15;13:10;14:4,
24;15:12
**international (1)**
13:3
**interpreter (1)**
9:25
**investigation (1)**
8:15
**issue (1)**
10:12

**J**

**jail (1)**
17:25
**judge (4)**
5:11;16:17,18;19:7
**jury (1)**
19:12

**K**

**Keith (1)**
3:9
**Khan (16)**
3:4,12,13;9:16;
12:18;13:1,10;15:11,
15;17:17,17,20;19:19,
20,22,24
**Khan's (2)**
11:7,9
**kind (4)**
8:1;11:22;13:3,8
**kinds (1)**
18:5
**Klaufer (4)**
15:17,24;16:3,25
**knows (2)**
9:24;14:5

**L**

**language (2)**
3:16,22
**later (2)**
6:16;7:19
**law (9)**
7:17;8:5;12:4;13:23;
15:1;16:14,15;17:2,6
**lawyer (10)**
4:22;5:6;6:1,3,10,19,
20;7:19;12:8;13:23
**lead (1)**
5:2
**leads (1)**
5:25
**least (3)**
10:18;11:7;17:1
**leave (3)**
13:4;20:3,3
**left (1)**
16:9
**legal (1)**

**4:8**
**line (1)**
17:19
**listed (1)**
12:15
**listening (1)**
17:20
**little (1)**
7:21
**lives (1)**
13:1
**long (1)**
12:25
**loud (1)**
11:19

**M**

**magistrate (2)**
16:17,17
**making (4)**
7:16;8:4,14;19:1
**Manchester (2)**
11:6;12:14
**marked (1)**
15:8
**Marshals' (1)**
19:20
**matter (3)**
3:3;6:9;20:19
**maximum (3)**
7:21;8:7,15
**may (5)**
10:16;12:4,20;16:2,9
**maybe (1)**
12:7
**mean (1)**
18:3
**meaning (1)**
17:25
**means (2)**
5:1;12:18
**medical (1)**
13:6
**medication (1)**
9:10
**medicine (1)**
9:13
**medicines (1)**
9:14
**meet (1)**
18:21
**member (1)**
5:11
**mentioned (2)**
8:4;19:5
**might (1)**
5:2
**minor (1)**
18:8
**minute (1)**
7:12
**minutes (1)**

**16:2**
**misdemeanor (1)**
18:7
**money (3)**
6:10;14:9,9
**monthly (1)**
14:5
**more (3)**
6:15;14:10;19:15
**mortgage (2)**
14:5,9
**Mostly (1)**
3:22
**moving (2)**
7:3;10:7
**must (1)**
12:5

**N**

**nature (2)**
12:1;13:25
**need (9)**
3:25;4:5;5:4;6:22;
8:21;13:7;16:24;18:16;
20:6
**needed (1)**
11:25
**needs (1)**
19:23
**new (3)**
13:2;16:13;17:10
**next (3)**
12:11;15:6;17:16
**normal (1)**
4:10
**note (3)**
8:12;11:21;16:1
**noted (1)**
8:10
**notice (2)**
15:14;20:10
**notified (1)**
17:3
**number (2)**
3:4;12:9

**O**

**objections (1)**
14:21
**obtain (1)**
13:2
**occurred (1)**
18:10
**O'CLOCK (2)**
3:1;20:20
**offense (1)**
12:1
**office (9)**
10:16;12:18;13:1,7;
14:13,19;15:14,20;
18:21

**officer (5)**
7:17;12:8,19;13:24;
18:22
**offices (1)**
16:20
**old (2)**
9:16,17
**one (6)**
6:25;10:1;11:7;
13:17;16:10,19
**only (2)**
7:24;16:19
**opposed (1)**
16:12
**order (7)**
13:9;14:7;17:15,24;
18:1,2;19:20
**ordered (1)**
14:16
**orders (1)**
17:23
**others (1)**
17:8
**out (5)**
6:18;10:8;11:19;
14:9;18:1
**own (2)**
6:10,19
**owned (1)**
12:13
**owner (1)**
11:8
**owns (1)**
10:13

**P**

**page (4)**
15:8,8,10;17:18
**paid (1)**
6:19
**painful (1)**
9:14
**papers (1)**
8:20
**paperwork (1)**
6:18
**part (1)**
18:5
**particular (2)**
8:6;17:9
**passport (6)**
10:10,19,23;11:2;
12:22;13:3
**Pause (1)**
17:14
**pay (2)**
6:12,20
**paying (1)**
14:9
**payment (2)**
14:5,9
**penalties (1)**

**15:9**
**penalty (2)**
8:7,16
**per (1)**
15:20
**percent (1)**
3:23
**perhaps (1)**
14:4
**permanent (1)**
6:17
**person (3)**
16:12;17:1;18:6
**personal (1)**
11:25
**personally (1)**
12:25
**perspective (1)**
20:5
**ph (1)**
15:17
**phone (2)**
5:21;12:9
**Please (1)**
3:2
**PM (2)**
3:1;20:20
**point (1)**
8:10
**police (1)**
13:22
**policy (2)**
15:21;17:2
**position (1)**
10:6
**possess (1)**
13:13
**possessing (1)**
13:16
**possibility (1)**
8:12
**possible (3)**
7:22;10:17;17:4
**postponed (1)**
19:16
**potentially (1)**
18:4
**presentment (1)**
17:10
**presumption (1)**
11:22
**pretty (1)**
16:11
**print (1)**
14:25
**prior (1)**
11:5
**prison (3)**
8:7;18:9,12
**probable (4)**
12:12;19:9,12,13
**probably (1)**
16:23

UNITED STATES OF AMERICA v.
FAREED AHMED KHAN

August 30, 2017

**probation (8)**
12:8,18;13:7,24;
14:3,13,19;18:21
**problem (2)**
17:8;20:11
**problematic (1)**
17:11
**procedure (1)**
17:5
**process (5)**
6:4;12:21;16:19,20;
17:4
**promptly (1)**
15:14
**Property (4)**
11:6;9;12:13,15
**propose (1)**
11:8
**proposed (2)**
12:3;14:22
**prosecute (2)**
5:12,23
**prosecutor (1)**
7:13
**provides (1)**
19:25
**provision (1)**
8:6
**psychiatric (1)**
13:6
**purposes (1)**
19:20
**put (1)**
10:14

**Q**

**quickly (1)**
17:3

**R**

**rather (1)**
11:25
**read (1)**
11:16
**realize (1)**
10:15
**reason (5)**
5:9;7:23;11:24;13:5;
18:15
**receive (1)**
15:14
**received (1)**
7:9
**receiving (1)**
14:8
**recess (2)**
20:16,18
**reckless (1)**
18:7
**recognizance (1)**
12:1

**record (4)**
8:13,17;11:5,21
**redacts (1)**
17:18
**relate (1)**
14:1
**relates (1)**
5:22
**release (8)**
8:8;11:16,24,25;
17:16;18:10,11,14
**released (1)**
19:20
**remain (1)**
4:25
**remember (1)**
11:18
**repeat (2)**
4:5;5:14
**report (2)**
13:22,23
**represent (2)**
6:11,13
**representations (1)**
19:8
**required (5)**
5:1;12:10,19;17:6,22
**requires (2)**
16:14,15
**requiring (1)**
14:2
**returned (1)**
19:12
**review (3)**
11:19;15:5,9
**revisit (1)**
11:12
**RICHARDS (24)**
3:7,8;7:3,5,7,20;8:2,
3;10:5,7,24;11:13;
14:15,17;15:12,18,23;
16:6,8,15;17:12,13;
20:8,9
**right (40)**
3:18;4:12,19,24,25;
5:6;6:1,3,9,22,23;7:2,6,
9;8:2,18,19,23;9:2,4,6,
11,12,15,20,23;10:1,
25;11:4,15;13:13;
14:14,24;15:3;16:9;
17:15;19:5,9,18;20:14
**rights (5)**
4:20,25;5:7,9;8:22
**rise (1)**
20:17
**risk (1)**
11:23

**S**

**SAC (1)**
16:25
**safe (1)**

13:18
**sample (1)**
12:5
**sanctions (1)**
15:10
**school (3)**
9:21,22,23
**seated (3)**
3:3,8;10:1
**second (3)**
3:22;15:8;18:1
**Section (1)**
8:6
**secured (2)**
11:8;12:13
**securing (1)**
20:2
**seeing (1)**
9:9
**seeking (1)**
14:16
**seized (1)**
10:21
**sentence (1)**
7:22
**sentenced (2)**
18:8,12
**Separate (1)**
18:5
**September (2)**
12:11;19:14
**serve (2)**
11:11;12:16
**set (3)**
11:16;15:5;19:13
**setting (2)**
12:10;17:15
**sheet (1)**
19:25
**shirt (1)**
9:3
**short (1)**
20:10
**show (1)**
6:16
**showing (1)**
11:23
**sign (2)**
12:12;15:10
**signature (1)**
17:19
**signed (2)**
17:17;19:7
**silent (1)**
5:1
**simply (1)**
11:25
**sit (1)**
17:25
**site (1)**
11:6
**situation (4)**
10:9,16;16:4,8

**someone (4)**
5:2,19;13:16;16:11
**sometime (3)**
3:19,25;9:13
**sometimes (2)**
4:8,15
**soon (1)**
12:7
**SPEAKER (1)**
10:22
**speaking (2)**
5:4,4
**Special (5)**
3:9;8:8;15:17,23,24
**specialist (1)**
9:12
**specifically (2)**
7:17;10:9
**stage (1)**
6:4
**stand (1)**
3:23;20:16
**start (2)**
4:24;5:4
**State (1)**
13:4
**statement (7)**
5:3,6,10,23;7:16;8:5,
14
**States (4)**
3:3;8:5,21;20:18
**stay (2)**
13:18;18:19
**sticking (1)**
20:16
**stop (2)**
4:4;5:5;12:20
**street (2)**
5:19;17:19
**strength (1)**
12:1
**submit (1)**
12:17
**summarize (1)**
7:13
**supervised (1)**
8:8
**supervision (1)**
12:17
**Supervisor (2)**
15:17,25
**sure (10)**
4:6,20,21;10:9;
13:17,18;17:18;18:16;
19:1,22
**sureties (1)**
11:11
**surety (1)**
10:15
**surrender (1)**
12:22

**T**

**table (1)**
3:9
**talk (10)**
4:19;6:15;7:19;9:1;
12:8;13:18;16:24;
19:14,16,19
**ten (1)**
18:12
**term (1)**
8:8
**terms (1)**
10:14
**terrorism (1)**
8:15
**testing (1)**
13:20
**third (1)**
17:18
**thought (2)**
16:10,23
**three-year (1)**
8:8
**throughout (1)**
12:21
**ties (1)**
12:2
**times (1)**
16:2
**today (14)**
6:7,11;7:18;9:1,4;
10:17;12:7;14:25;15:1,
20;16:19;17:21;20:4,6
**tomorrow (1)**
9:12
**tonight (1)**
6:23
**touch (1)**
18:20
**Tracy (1)**
3:11
**transactions (2)**
14:3,8
**travel (1)**
13:3
**treatment (2)**
13:6,8
**triggers (1)**
11:22
**twenty- (1)**
6:24
**two (1)**
16:2,18

**U**

**underlying (1)**
13:25
**UNIDENTIFIED (1)**
10:22
**United (4)**

3:3;8:5,20;20:17
**unless (1)**
  19:11
**unnecessary (1)**
  17:9
**unseal (1)**
  7:3
**unsealed (1)**
  7:6
**up (6)**
  7:7;10:14;11:10;
  17:8,9;18:12
**use (2)**
  4:8;5:23
**used (1)**
  5:12
**usually (1)**
  16:18

**V**

**Vanessa (1)**
  3:7
**violate (1)**
  12:4
**violation (1)**
  8:5
**visa (1)**
  13:4

**W**

**waive (1)**
  13:20
**way (1)**
  4:15
**weapon (1)**
  13:14
**weapons (1)**
  13:11
**week (1)**
  12:23
**welcome (1)**
  16:22
**what's (2)**
  10:5;19:9
**Whereupon (1)**
  20:19
**who's (1)**
  3:12
**willing (1)**
  11:11
**willingness (1)**
  12:16
**within (1)**
  6:24
**word (1)**
  3:20
**words (4)**
  4:7,8,10;6:17
**work (1)**
  9:4
**worked (1)**

18:1
**writing (1)**
  11:18

**Y**

**year (2)**
  8:7;18:8
**years (2)**
  8:16;18:12

**1**

**1,000 (1)**
  14:10
**1,700 (1)**
  14:6
**100,000-dollar (1)**
  18:9
**1001 (1)**
  8:6
**100-dollar (1)**
  8:8
**18 (1)**
  8:5

**2**

**20th (2)**
  12:11;19:14
**250,000-dollar (2)**
  8:7;18:13

**3**

**3 (1)**
  15:10
**3:30 (1)**
  15:2

**4**

**4 (1)**
  15:18

**5**

**50,000 (1)**
  18:3
**50,000-dollar (2)**
  12:12;18:2

**6**

**6:11 (1)**
  3:1
**6:33 (1)**
  20:19

**9**

**9:30 (2)**
  12:11;19:14