UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR195(JAM) |
| | : | |
| v. | : | |
| | : | |
| FAREED AHMED KHAN | : | July 23, 2019 |

## GOVERNMENT'S OMNIBUS OPPOSITION TO DEFENSE MOTIONS

The United States of America, by and through the undersigned attorneys, respectfully submits this opposition to the defendant Fareed Ahmed Khan's motions to dismiss the indictment (Docket No. 94) and for disclosure of the identity of the confidential informant (Docket No. 95).

In his motion to dismiss the indictment, the defendant contends that the government cannot prove the allegations set forth in the indictment, and hence, in an argument analogous to a civil motion for summary judgement, the indictment should be dismissed. Because these challenges are improper in a motion to dismiss and premature in any forum other than trial, this motion respectfully should be denied.

The defendant's second motion is equally unavailing. The defendant argues that, because an informant in this case was "integral" to the government's proof, the government's presumptive privilege to withhold the informant's identity must give way. Although the government has produced copious discovery concerning the informant – including all of the informant's relevant reporting and payments – the government does not intend to call the informant as a witness at trial. Hence, the defendant's argument is moot.  Moreover, the defendant has not sustained his burden of establishing how the informant would be material – let alone "essential" – to his defense. Thus, the defendant's second motion respectfully should be denied as well.

## BACKGROUND

On September 6, 2018, a grand jury in the District of Connecticut issued an indictment,

charging the defendant with making material false, fictitious, and fraudulent statements in a matter

involving international terrorism, in violation of Title 18, United States Code, Section 1001.

The single count indictment reads as follows:

> On or about June 26, 2015, in the District of Connecticut, in a matter involving international terrorism as defined in Title 18, United States Code, Section 2331, within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation (FBI), the defendant, FAREED AHMED KHAN, did knowingly and willfully make materially false, fraudulent, and fictitious statements and representations, to wit:
>
> (1)    He was not affiliated with the Islamic Circle of North America ("ICNA"), ICNA Relief, Helping Hands, or the Helping Hand for Relief and Development;
>
> (2)    He had no personal association with ICNA;
>
> (3)    He did not know anyone from ICNA;
>
> (4)    He had no idea how charities such as ICNA work and was not aware if they collected cash, checks or other material goods for individuals in need;
>
> (5)    He had never collected any type of charitable donations for ICNA or any other charitable organization; and
>
> (6)    The only packages he has ever sent to Pakistan were to his sister and brother and contained clothing.
>
> All in violation of Title 18, United States Code, Section 1001(a)(2).

Indictment at 1-2 (Docket No. 58).

Following this indictment, the government produced in discovery all of the relevant

reporting and communications between the defendant and an FBI confidential human source

("CHS") who provided information about the defendant in exchange for compensation. This

reporting, which the defendant initially attached as an unsealed exhibit to his motion (Docket No.

95), contained no exculpatory information concerning the defendant.

Additionally, the government produced discovery materials relating to the defendant's

bank accounts and shipments to Pakistan. These records indicate, for example, that the defendant received more than $200,000 over six years in unexplained cash deposits into his Bank of America accounts. The defendant then used that money to fund medical-equipment purchases that "Hussain Chippa" made from Pakistan using the defendant's Paypal accounts. When the purchased medical equipment arrived at the defendant's home, the defendant repackaged it and sent it to an address in Pakistan – addressed not to Chippa, but to two different names.

The discovery also contained material related to the defendant's brother, who lives in Pakistan. Upon the defendant's requests, Chippa would give money to the defendant's brother. The discovery illustrates that this same brother supported Falah-e-Insaniat Foundation ("FIF"), a foreign terrorist organization associated with Lashkar-e Tayyiba ("LeT") and Jamaat-ud-Dawa ("JUD"). Indeed, social-media records produced to the defendant illustrate that the defendant's brother requested the defendant to contribute to FIF.

Notably, the CHS was wholly unconnected to these cash deposits, medical equipment purchases, and associations with the defendant's brother.

## **DISCUSSION**

### I.   *The Indictment Sufficiently Alleges the Charged Conduct*

The indictment properly alleges the crime with which the defendant was charged and which the government will prove at trial. Hence, there is no legal basis to dismiss the case.

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defendant may file a motion to dismiss an indictment for "failure to state an offense." But an indictment need only be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment therefore "must charge a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail

3

that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (internal quotation marks, citation, and modifications omitted). To satisfy this standard, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* (internal quotation marks and citation omitted). Accordingly, the Second Circuit long has held that "[a] motion to dismiss for failure to charge an offense . . . does not lie where . . . the indictment tracks the language of the statute and sufficiently sets forth the elements of the crime charged." *United States v. Wexler*, 621 F.2d 1218, 1223 (2d Cir. 1980).

As the Supreme Court put it, so long as it is "valid on its face," an indictment returned by a grand jury "is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see also United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001) ("An indictment, however, need not be perfect, and common sense and reason are more important than technicalities."); *United States v. Goodwin*, 141 F.3d 394, 401 (2d Cir. 1997) ("[T]he precision and detail formerly demanded are no longer required, imperfections of form that are not prejudicial are disregarded, and common sense and reason prevail over technicalities.").

To that end, on a Rule 12 motion to dismiss in a criminal case, the allegations in the indictment must be accepted as true. *See United States v. Sampson*, 898 F.3d 270, 273 n.3 (2d Cir. 2018); *see also Alfonso*, 143 F.3d at 776-77 (reversing dismissal of indictment where "the district court looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial" and holding "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment"). "If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not

4

to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven." *Hayle v. United States*, 815 F.2d 879, 882 (2d Cir. 1987); *see also United States v. Perez*, 575 F.3d 164, 166 (2d Cir. 2009) (concluding that a motion to dismiss the indictment was improper where "the defect of which the Defendants complain is the sufficiency of the Government's proof of the elements of the offense it chose to charge in the indictment").

"Thus, a technically sufficient indictment is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." *United States v. Triumph Capital Group, Inc.*, 260 F. Supp.2d 462, 465 (D. Conn. 2002) (internal citations and quotations omitted). In other words, "in considering a defendant's motion to dismiss an indictment, the court must be aware of claims that conflate or confuse sufficiency of the government's evidence with sufficiency of the government's allegations." *Id.*

In his motion, the defendant does not challenge the sufficiency of the indictment. Nor could he; the document tracks the language of the statute and puts him on adequate notice of the charges. Rather, the defendant challenges the sufficiency of the government's putative evidence, claiming that the government cannot prove those allegations at trial. But as the law makes plain, such a claim does not warrant dismissal at this stage of the case. Moreover, the cases cited by the defendant do not counter this long-established line of precedent; instead, they address the sufficiency of the government's evidence after trial. Indeed, both *United States v. Simpson*, 2011 WL 905375 (D. Ariz. Mar. 15, 2011), and *United States v. Amri*, 2017 WL 3262254 (D. E.D.Va. July 31, 2017), were post-bench trial verdicts in which the courts addressed whether the evidence presented by the prosecution was sufficient to warrant a conviction.

In sum, the defendant cannot challenge the sufficiency of the government's evidence before the government has offered it at trial. For these reasons, his motion to dismiss the indictment

on this basis should be denied.

## II.     *The Defendant Is Not Entitled to the CHS's Name*

The government does not intend to call the CHS or elicit testimony concerning the CHS's reporting. In any event, despite the copious discovery in this case, the defendant has not and cannot establish that the CHS has information essential to his defense. Hence, this motion should be denied.

"The purpose of the privilege [to withhold the disclosure of an informant's identity] is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of the citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) (noting the government's interest "in protecting the anonymity of informants who furnish information regarding violations of law is strong – withholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government").

"The defendant bears the burden of showing the need for disclosure of an informant's identity . . . and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Fields*, 113 F.3d at 324; *Roviaro*, 353 U.S. at 60-61; *United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (citing *Scher v. United States*, 305 U.S. 251, 254 (1938), and *United States v. Russotti*, 746 F.2d 945, 949-50 (2d Cir. 1984) for the proposition that "[t]o show error on this issue, the defendant has the heavy burden of showing that disclosure is 'essential to the defense'"). Moreover, "[s]peculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be

6

satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *Fields*, 113 F.3d at 324 (citing *Rovario*, 353 U.S. at 62); *see also United States v. Flaharty*, 295 F.3d 182, 202 (2d Cir. 2002) (in order to sustain his "heavy burden of showing disclosure [i]s essence to the defense," the defendant "must show more than simply that the informant was a participant in or witness to the crime charged, or that the informant might cast doubt on the general credibility of a government witness").

Other than assuming that the government intends to call the CHS as a witness, the defendant has offered no argument in support of his motion. As noted previously, the government does not intend to call the CHS; hence, the defendant's only stated justification for his motion is moot. Moreover, despite providing the defendant with all of the relevant CHS reporting and communications concerning the defendant, the defendant has not – and presumably cannot – articulate any manner in which the CHS would provide information essential to his defense. Indeed, as he points out in his motion, the CHS provided the FBI with inculpatory – not exculpatory – information about the defendant.

Given this failure to articulate a need for the information, the government's very real interest in protecting witnesses in national security investigations counsels strongly against disclosure. Confidential human sources can provide invaluable intelligence and are essential to investigating and prosecuting certain crimes. Not only would needless disclosure of a witness's identity possibly place that individual in harm's way, but also weaken the government's ability to recruit would-be witnesses in future national security investigations. Offering no competing interest, the defendant's motion should be denied.

## <u>CONCLUSION</u>

For the reasons articulated herein, the defendant's motions for dismissal of the indictment and for disclosure should be denied.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY
/s/
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05095
United States Attorney's Office
1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000 / (203) 579-5575 (fax)
Vanessa.Richards@usdoj.gov

WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT16012
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 / (203) 773-5376 (fax)
William.Nardini@usdoj.gov

TROY A. EDWARDS, JR.
TRIAL ATTORNEY
Federal No. 5453741
United States Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 305-1601 / (202) 305-5564
Troy.Edwards2@usdoj.gov

## **CERTIFICATION**

I hereby certify that on July 23, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

 

 

 

/s/                                        
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY