UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 18-CR-195 (JAM) |
| v. ) | |
| ) | July 29, 2019 |
| FAREED AHMED KHAN, ) | |
| ) | |
| Defendant. ) | |

**JOINT TRIAL MEMORANDUM**

The United States of America and the defendant, Fareed Ahmed Khan, respectfully submit this Joint Trial Memorandum pursuant to the Court's trial practice guidance.

- **TRIAL COUNSEL**

  - **Counsel for the United States**

  Vanessa Richards
  Assistant United States Attorney
  1000 Lafayette Blvd., 10th Floor
  Bridgeport, CT 06604
  (203) 696-3016

  WILLIAM J. NARDINI
  Assistant United States Attorney
  157 Church Street, 25th Floor
  New Haven, CT 06510
  (203) 821-3700 / (203) 773-5376 (fax)

  Troy A. Edwards, Jr.
  Trial Attorney
  National Security Division, Counterterrorism Section
  950 Pennsylvania Ave. NW
  Washington, D.C. 20530
  (202) 305-1601

  - **Counsel for Defendant Fareed Ahmed Khan**

  Faisal Gill

1

   Aimee Gill
   Gill Law Firm
   1155 F Street NW
   Suite 1050
   Washington, DC 20005
   202-570-8223
   202-318-4331 (fax)

- **JURISDICTION**

This Court has jurisdiction over this case pursuant to Title 18, United States Code, Section 3231, which provides that "[t]he District Courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

- **JURY/NON-JURY TRIAL**

This case will be tried to a jury.

- **LENGTH OF TRIAL**

The Government estimates that the presentation of its case-in-chief will take approximately one to two days and the defense estimates its case will take approximately one half to one day.

- **CHARGE**

The defendant is charged in a one-count Indictment with making materially false, fictitious, and fraudulent statements in a matter involving international and domestic terrorism, in violation of Title 18, United States Code, Section 1001(a)(2). Count One requires that the government prove the following elements:

<u>First</u>: That the defendant made the statement or representation charged in the Indictment;

<u>Second</u>: That the statement was material to the United States Department of Justice;

<u>Third</u>: That the statement or representation was false, fictitious, or fraudulent;

<div style="margin-left: 2em;">

Fourth:    That the defendant acted knowingly and willfully; and

Fifth:    That the defendant made the statement in a matter within the jurisdiction of the government of the United States.

</div>

If the jury finds that the government proved these five elements beyond a reasonable doubt, the jury is also asked to determine whether the government proved a sixth element beyond a reasonable doubt:

<div style="margin-left: 2em;">

Sixth:    That the defendant's offense involved international terrorism, as defined by 18 U.S.C. § 2331.

</div>

- **THEORY OF THE CASE**

  - **The Government's Theory of the Case**

This case stems from an investigation into Fareed Ahmed Khan's activities between 2014 and 2017. Khan is a 61-year-old naturalized citizen of the United States who was born in Pakistan, immigrated to the United States, and was naturalized on February 21, 2003. During the course of the investigation, Khan lived with his wife and two sons in Manchester, Connecticut, where he worked at Pep Boys as a mechanic, making approximately $34,000 a year. While in Connecticut, Khan was also the Regional Director of the Islamic Circle of North America ("ICNA"). In that role, he was responsible for collecting cash and check donations to ICNA for its various charitable events.

During the course of the investigation, which began in the early Spring of 2014, the Federal Bureau of Investigation ("FBI") determined that the defendant repeatedly received multiple cash deposits into his bank account, amounting to over $200,000 over the course of a about eight years. The FBI also discovered that the defendant was transacting with a man named Hussain Chippa from Pakistan. Chippa would arrange for third parties to make deposits into the

3

defendant's accounts to fund medical equipment purchases Chippa made from Pakistan using the defendant's Paypal and eBay accounts. The defendant then collected the purchased medical equipment, repackaged it, and sent it to two different names that were not Chippa, all to the same address in Pakistan.

The investigation also revealed that the defendant was using Chippa as a "hawaladar" to give money to his brother in Pakistan, who supported Falah-i-Insaniat Foundation ("FIF"), which is a foreign terrorist organization associated with Lashkar-e-Tayyiba ("LeT") and Jamaat-ud-Dawa ("JUD").

On June 26, 2015, the FBI interviewed the defendant with an attorney present. During the course of that interview, the FBI agents notified the defendant that they were conducting a terrorism investigation, and asked multiple questions about ICNA and packages to Pakistan. Khan responded, in part, that he was not affiliated with ICNA or any of its related entities. He explained that he was not involved or affiliated with any community or religious charities, and that he had never been employed by or volunteered for any charitable organization, including ICNA. In addition, Khan stated he was not aware of any ICNA office or representative operating within Connecticut and did not maintain any association with anyone from ICNA. Khan asserted that he had never collected any type of charitable donation on behalf of ICNA or any other charitable organization. As for packages to Pakistan, the defendant responded that, with the exception of shipping items such as clothing to his brother and sister in Pakistan, he had never shipped any items to anyone in Pakistan.

Later, on October 13, 2015, the FBI searched the defendant's home, cellular phone, and Facebook accounts pursuant to a federal search warrant. At Khan's home, agents discovered

numerous items related to Khan's role in ICNA. These items included ICNA registration applications, ICNA documents and handbooks, ICNA vendor identification badges, ICNA promotional pens and lanyards, and representative samples of hundreds of ICNA flyers, banners, and fund-raising event advertisements. In Khan's phone, agents discovered WhatsApp messages between Khan and Hussain Chippa detailing Khan's involvement in multiple shipments of medical equipment to Pakistan.

- **The Defense Theory of the Case**

Mr. Khan is not the Regional Director of ICNA. Mr. Khan is merely a volunteer at certain events for ICNA. Mr. Khan is an immigrant from Pakistan who became a naturalized citizen. His native language is Urdu. He is a mechanic at PepBoys with no college education. Mr. Khan also performs mechanic work for various people at his home where he receives cash for his work. Also, Mr. Khan was in business with Hussein Chippa where he purchased medical equipment from Ebay and sent them to Pakistan for Mr. Chippa to sell to other medical companies and would then receive money for doing so. Mr. Khan owned rental property where he would receive rent in cash. Mr. Khan also received cash from family members for rent while living in his home.

On June 26, 2015, FBI investigators interviewed Mr. Khan in an indirect and confusing manner. Mr. Khan was confused by the questioning of the FBI investigators. Mr. Khan answered the questions truthfully in accordance with what he thought was being asked of him. FBI investigators never questioned Mr. Khan about Hussein Chippa at the interview on June 26, 2015.

The government has provided no evidence that would establish that Mr. Khan's alleged statements to the Federal Bureau of Investigation, regarding his involvement with ICNA and sending packages to Pakistan, is involved with international terrorism. The government has no

evidence that Mr. Khan requested Mr. Chippa provide money to his brother for the purpose of supporting FIF or LeT.

- **THE GOVERNMENT'S EVIDENCE**
  - **Witnesses**

The Government expects to call the law enforcement witnesses set forth below. A brief description of each area of testimony is provided.

| Name | Area of Testimony |
|---|---|
| FBI TFO Michael Dragon | Overview of FBI investigation, analysis of the defendant's financial transactions, participation in search warrant and admission of evidence collected at search warrant and defendant's statements during search warrant |
| FBI TFO Thomas Gannon | Interview of the defendant on June 26, 2015 and October 13, 2015 and admission of evidence collected at search warrant |
| USPI David Lindburg | Admission of Click n' Ship records and package interdiction |
| FBI Special Agents James Butler | Admission of evidence seized from Facebook |
| FBI Special Agent Jonathan Boyer | Admission of analysis of the defendant's seized electronics |
| FBI Special Agent Steve Gigantino | Admission of analysis of the defendant's seized electronics |
| FBI Special Agent Valerie Eastwood | Admission of evidence seized from the defendant's home |
| FBI Special Agent Karen Palmer | Admission of evidence seized from the defendant's home |
| Retired FBI TFO Andrew Burke | Admission of evidence seized from the defendant's home |
| Expert Witness | Testify that LeT and FIF are designated terrorist organizations and to give brief overview of terrorism financing |

- **Exhibits**

The Court last set a deadline for July 8, 2019 (three weeks prior to trial and four business days prior to deadline for motions in limine), in which the Government was to provide its witness and exhibit lists to Defendant. However, the trial date was continued after this scheduling order, but no new date was set for the Government to provide such lists. As such the Government intends to provide an exhibit and witness list to the defendant three weeks before the jury selection date, which based on the current or proposed schedule is between either four or 10 days prior to the commencement of evidence.

The Government anticipates that its exhibits will consist of the following category of exhibits:

- Banking, PayPal, eBay and Click n' Ship records belonging to the defendant and a summary chart concerning cash deposits into those accounts to purchase eBay items;
- Physical evidence seized from the defendant's home;
- Photographs from the defendant's home during the search;
- The Advice of Rights form executed by the defendant; and
- Digital evidence retrieved from the defendant's electronic devices (i.e., iPhones, tablets, hard drives) and Facebook account.

- **STIPULATIONS**

The parties have discussed stipulations regarding the admissibility of certain evidence and to the extent stipulations are reached, they will be noted in the Exhibit binder.

- **VOIR DIRE**

The parties anticipate filing separate proposed voir dire questions contemporaneously with the Joint Trial Memorandum.

- **PROPOSED JURY INSTRUCTIONS**

The parties anticipate filing separate proposed jury instructions contemporaneously with the Joint Trial Memorandum.

- **PROPOSED VERDICT FORM**

The parties anticipate filing separate proposed verdict forms contemporaneously with the Joint Trial Memorandum.

- **ANTICIPATED EVIDENTIARY ISSUES**

The government anticipates filing motions *in limine* contemporaneously with the Joint Trial Memorandum.

Defendant anticipates filing motions *in limine* contemporaneously with the Joint Trial Memorandum. However, since they have not received the Government's list of exhibits, they request that any further necessary motions *in limine* be filed no later than four (4) business days after receiving the Government's list of exhibits. The Government has no objection to this request.

Respectfully submitted,

For the Government:

JOHN H. DURHAM
UNITED STATES ATTORNEY
/s/
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05095
United States Attorney's Office

1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000 / (203) 579-5575 (fax)
Vanessa.Richards@usdoj.gov

WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT16012
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 / (203) 773-5376 (fax)
William.Nardini@usdoj.gov

TROY A. EDWARDS, JR.
TRIAL ATTORNEY
Federal No. 5453741
United States Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 305-1601 / (202) 305-5564
Troy.Edwards2@usdoj.gov

For the Defendant:

___/s/ Faisal Gill_____
Faisal Gill
Bar No. ct30466
Gill Law Firm
1155 F Street NW, Suite 1050
Washington, DC 20004
fgill@glawoffice.com
Phone: (202) 570-8223
Fax: (202) 318-4331