UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs ) | |
| ) | Case No. 3:18-cr-00195-JAM |
| FAREED KHAN ) | |
|     Defendant ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE HEARSAY STATEMENTS

Defendant Fareed Khan respectfully submits this Memorandum of Law in Support of Motion in Limine to Exclude Hearsay Statements, based on the following:

PRELIMINARY STATEMENT

Upon information and belief, the Government intends to introduce evidence of (1) statements from Naveed Khan, Mr. Khan's brother, on Facebook stating his support for and/or soliciting money for a terrorist organization and (2) Mr. Khan's alleged statements to a confidential informant whom the government does not intend to call as a witness at trial. Mr. Khan contends that these statements are all inadmissible hearsay under Fed. R. Evid. 801 and 802 and that there is no exception under Fed. R. Evid. 803 and 804 which would make these statements admissible at trial. Further, these statements are highly prejudicial and their prejudice substantially outweighs any probative value they may possibly have.

ARGUMENT

The hearsay rule, which is codified in Federal Rule of Evidence 802, is "grounded in the notion that untrustworthy evidence should not be presented to the triers of fact." *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). Hearsay includes any out-of-court statement by a non-party that is offered to prove "the truth of the matter asserted in the statement." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). Such out-of-court statements are inadmissible unless a federal statute,

other federal rule of evidence, or other rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 802. Further, when a statement includes hearsay within hearsay, every part of the combined statement must meet an exception to hearsay in order to be admissible. Fed. R. Evid. 805.

Also, the Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).

Last, under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. However, even if evidence is deemed relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

1. Facebook statements from Naveed Khan

Upon information and belief, the government will attempt to admit evidence of Mr. Khan's brother's statements on Facebook, showing his alleged support and solicitation for donations for Falah-e-Insaniant ("FIF"), a charity wing of Lakshar-e-Taiba ("LeT"), an organization designated by the Department of State as a Foreign Terrorist Organization. The government would offer this out of court statement for the truth of the matter asserted to attempt to connect Mr. Khan's statements to FBI investigators to international terrorism. The government's theory is that Mr. Khan apparently sent packages of medical equipment to Hussein Chippa so that he would then provide money as a "halawadar" to Mr. Khan's brother in Pakistan in order to support FIF. However, there is no exception under the Federal Rules of Evidence that would deem the statements admissible.

Further, this evidence is not relevant under Fed. R. Evid. 401 as evidence of the brother's personal views does not have "any tendency to make a fact more or less probable than it would be

without the evidence." Here, the government has charged Mr. Khan with a violation of 18 U.S.C. § 1001, for alleged false statements during an FBI interview that are supposedly related to international terrorism. However, the government has no evidence that Mr. Khan's brother's alleged views are somehow linked to Mr. Khan's alleged statements to the FBI regarding any association with ICNA and sending packages to Pakistan. However, allowing the evidence of Mr. Khan's brother's alleged views is extremely prejudicial to Mr. Khan in that it will allow the jury to wrongfully associate Mr. Khan with views of his brother and not actual evidence linking Mr. Khan's actions to actual international terrorism.

     2.  Mr. Khan's Alleged Statements to Confidential Informant

Upon information and belief, the government will attempt to admit evidence of Mr. Khan's alleged statements to a confidential informant who then provided information of such statements to FBI investigators. Specifically, as stated in the arrest warrant affidavit, the confidential informant alleged that, while at an ICNA fundraiser, Mr. Khan explained to him "the need for all Muslims to support those who are fighting for Islam." Further, the government alleges that Mr. Khan stated to the confidential informant in the same conversation that "if you cannot participate in jihad, then you must support jihad with money, to help fund those who can participate – and that if you cannot help support with money, you must, in your mind and your heart, hate all those who are against Islam" and that "he is not able to fight, so he helps jihad through money and funding", gesturing that he did so by taking money from ICNA fundraisers.

Although these statements were allegedly made from Mr. Khan to the confidential informant, thus making them statements by a party opponent, the confidential informant's recount of these alleged statements to FBI investigators is also hearsay. The government has made clear on the record that they will not be calling the confidential informant at trial in this matter, thus the only way to get

these statements admitted is to introduce them through the FBI investigator who received the information from the confidential informant. Since this is hearsay that does not fit within any of the exceptions provided in the rules or by law, the Court should order that these statements are not admissible at trial. If the government tried to introduce this through documentary evidence, it would still be considered hearsay within hearsay with no valid exception for its admissibility.

Further, pursuant to Fed. R. Evid. 401, this information is not relevant because it does not have "any tendency to make a fact more or less probable than it would be without the evidence." Further, even if the Court were to find this evidence relevant, any probative value it may have is substantially outweighed by danger of unfair prejudice. Here, the government has charged Mr. Khan with a violation of 18 U.S.C. § 1001, for alleged false statements during an FBI interview that are supposedly related to international terrorism. These statements are clearly prejudicial in that they provide the listener with the impression that Mr. Khan allegedly supports terrorism when the statements do not assist the government in proving that his alleged statements to the FBI regarding any association with ICNA and sending packages to Pakistan, which were completely separate from this alleged conversation, are somehow related to international terrorism. Allowing the jury to hear such statements will provide clear prejudice against Mr. Khan and will influence their decisions in his innocence or guilt based on his alleged support for jihad.

Last, the information provided by the confidential informant to FBI investigators is clear testimonial evidence which may not be introduced at trial unless the witness is unavailable for trial and Mr. Khan has had the opportunity for meaningful cross examination of the witness. Since the government will not be calling the witness and Mr. Khan has had no opportunity for cross examination, this testimonial evidence may not be admitted through a third party.

CONCLUSION

For the reasons stated above, this Court should exclude hearsay statements from Naveed Khan and hearsay statements from Fareed Khan to the Confidential Informant.

Dated: July 29, 2019          ___/s/ Faisal Gill_____
                                                Faisal Gill
                                                Bar No. ct30466
                                                Gill Law Firm
                                                1155 F Street NW, Suite 1050
                                                Washington, DC 20004
                                                fgill@glawoffice.com
                                                Phone: (202) 570-8223
                                                Fax: (202) 318-4331

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Faisal Gill

Faisal Gill