UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs ) | |
| ) | Case No. 3:18-cr-00195-JAM |
| FAREED KHAN ) | |
|     Defendant ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT THE USE OF THE TERM "HAWALA"

Defendant Fareed Khan respectfully submits this Memorandum of Law in Support of Motion in Limine to Prohibit the Use of the Term "Hawala", based on the following:

PRELIMINARY STATEMENT

Upon information and belief, the Government intends to introduce evidence of Mr. Khan's request from Mr. Chippa to give money to his brother in Pakistan. Specifically, as stated in their theory of the case, the Government intends to elicit testimony that Mr. Khan used Mr. Chippa "as a 'hawaladar' to give money to his brother in Pakistan, who supported Falah-i-Insaniat Foundation ("FIF"), which is a foreign terrorist organization associated with Lashkar-e-Tayyiba ("LeT") and Jamaat-ud-Dawa ("JUD")." Further, upon information and belief the Government will elicit expert testimony explaining the hawala system and its ties to terrorist activities. This evidence is irrelevant to the charges at hand and merely attempts to paint a nefarious light on Mr. Khan and admit evidence of other acts in order to show a propensity for criminal behavior.

ARGUMENT

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. However, even if evidence is deemed relevant, "[t]he court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Further, Rule 404(b)(2) prohibits evidence of a crime, wrong, or other act for purposes of proving a person's character in order to show that on a particular occasion the person acted in accordance with the character, but permits such evidence for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In this matter, upon information and belief, the Government intends to introduce evidence of conversations between Mr. Khan and Mr. Chippa where Mr. Khan requests Mr. Chippa give money to his brother. The Government then intends to introduce expert witness testimony regarding the hawala system and its ties to terrorist activity. However, the government has absolutely no evidence that Mr. Khan's purpose in asking Mr. Chippa to give his brother the money was to support terrorist activities. Further, the Government's only evidence they have regarding terrorism is Mr. Khan's brother's alleged views regarding FIF. Not Mr. Khan's own views regarding FIF. It is clear that the government intends to provide this evidence in order to cast a nefarious light on Mr. Khan's simple request to Mr. Chippa to give his brother money. Without some shred of evidence that provides the idea that Mr. Khan requested the money be given to his brother to fund terrorism, they are asking the court to allow the jury to be swayed by assumptions and damaging testimony that attempts to tie Mr. Khan's actions with international terrorism when there is clearly no actual connection there.

Here, the Government has alleged that Mr. Khan gave false statements to the FBI regarding his involvement with ICNA and whether he sent packages to anyone in Pakistan. The government has not alleged that Mr. Khan lied to FBI investigators about giving money to family members in Pakistan. Thus, this evidence is completely irrelevant to the charges at hand. Further, the government offers no evidence that such request for money is actually tied to supporting terrorist activities. Their

only assertion is that Mr. Khan's brother supports FIF and Mr. Khan asked Mr. Chippa to give his brother money. There is absolutely no evidence, and no allegation for that matter, that Mr. Khan asked Mr. Chippa to provide his brother with the money for the purpose of supporting FIF. This evidence would confuse the jury of the issues set forth. The government must establish that the statements Mr. Khan gave to the FBI themselves are involved in international terrorism. The government has no evidence that Mr. Khan's involvement with ICNA or his sending packages to Pakistan is involved in international terrorism.

Further, through the Government's use of the term "hawaladar" or the "hawala" system is extremely prejudicial to Mr. Khan in that it is commonly associated with terrorist activities. Upon information and belief, the Government intends to connect such term with terrorist activities through an expert witness. However, the government fails to provide any tangible evidence of an actual association or purpose to fund terrorist activities.

Also, this evidence is other acts evidence under Fed. R. Evid. 404(b) that the government would admit to prove a Mr. Khan's character in order to his criminal propensity. Upon information and belief, the government would offer evidence to show that such "hawala" system is illegal in certain countries, including Pakistan. The government would offer this evidence of Mr. Khan using an informal request from Mr. Chippa to give his brother money, instead of using a formal system such as Western Union, to show that Mr. Khan has a propensity for criminal behavior.

## CONCLUSION

For the reasons stated above, this Court should prohibit the government from using the terms "hawala" or "hawaladar" and from admitting evidence of its connection to terrorist activities.

Dated: July 29, 2019            ___/s/ Faisal Gill_____
                                                Faisal Gill
                                                Bar No. ct30466
                                                Gill Law Firm

1155 F Street NW, Suite 1050<br>
Washington, DC 20004<br>
fgill@glawoffice.com<br>
Phone: (202) 570-8223<br>
Fax: (202) 318-4331

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ Faisal Gill

          Faisal Gill