UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs ) | |
| ) | Case No. 3:18-cr-00195-JAM |
| FAREED KHAN ) | |
|     Defendant ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CASH DEPOSITS

Defendant Fareed Khan respectfully submits this Memorandum of Law in Support of Motion in Limine to Exclude Evidence of Cash Deposits, based on the following:

PRELIMINARY STATEMENT

Upon information and belief, the Government intends to introduce evidence of cash deposits made into Mr. Khan's bank account over the course of eight (8) years. It is clear that the Government intends to introduce this evidence in order to cast a nefarious light on his receipt of this money. This evidence and the Government's interpretation of such is completely irrelevant to what the Government must prove in this matter and, even if it were deemed relevant, is exremely prejudicial and its prejudice substantially outweighs any probative value it may possibly have.

ARGUMENT

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. However, even if evidence is deemed relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As stated in the Government's theory of the case, "the Federal Bureau of Investigation ("FBI") determined that the defendant repeatedly received multiple cash deposits into his bank account, amounting to over $200,000 over the course of about eight years." However, this information has absolutely nothing to do with the Government's charge against Mr. Khan. The Government has charged Mr. Khan with a violation of 18 U.S.C. § 1001 for alleged false statements to the FBI involving international terrorism regarding being involved with ICNA and sending packages to Pakistan. Nowhere in the Government's indictment is an allegation that Mr. Khan made false statements denying such cash deposits. Further, evidence of these cash deposits in no way tends to make the fact of Mr. Khan's involvement with ICNA or sending packages to Pakistan any more true. It also provides no information that would make such alleged statements somehow connected to international terrorism.

Further, if this evidence was found to have any relevance, this evidence's danger of prejudice to Mr. Khan substantially outweighs any probative value it may have. It is clear that the Government intends to use this evidence to cast a nefarious light on Mr. Khan. This is seen just in the way that the Government portrays the deposits as "amounting to over $200,000 over the course of about eight years". When broken down, this equals to just over $2,000 per month. Further, the Government is fully aware that Mr. Khan performed mechanic work from his home and sold car parts on Craigslist and received cash for this but makes no mention of introducing evidence regarding this. Also, cash deposits in no way show the reason for the money being deposited. Upon information and belief, the Government will use this evidence in order to try and show that it is somehow linked to terrorism, but there is absolutely no shred of evidence that would show such connection. It is clear that the Government intends to use this evidence to merely paint a picture of wrongdoing on the part of Mr. Khan and it is highly prejudicial with absolutely no probative value.

Further, upon information and belief, the Government intends to admit extensive evidence on the cash deposits, thus confusing the issues for the jury. There is no reason why the jury should consider various cash deposits into Mr. Khan's account when determining whether Mr. Khan made false statements to the FBI regarding involvement with ICNA and sending packages to Pakistan. This information would only confuse the jury as to what exactly they need to determine.

## CONCLUSION

For the reasons stated above, this Court should exclude any evidence of cash deposits made to Defendant.

Dated: July 29, 2019          ___/s/ Faisal Gill_____
                                             Faisal Gill
                                             Bar No. ct30466
                                             Gill Law Firm
                                             1155 F Street NW, Suite 1050
                                             Washington, DC 20004
                                             fgill@glawoffice.com
                                             Phone: (202) 570-8223
                                             Fax: (202) 318-4331

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Faisal Gill

Faisal Gill