UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:18cr195(JAM) |
| | : | |
| v. | : | |
| | : | |
| FAREED KHAN | : | September 4, 2019 |

**GOVERNMENT'S MOTION FOR LEAVE TO MAKE OPENING STATEMENTS**

The Government submits this written motion to formalize its request for leave to make opening statements at trial (evidence for which is currently scheduled to begin on September 16, 2019), following the introduction of the case and any preliminary instructions by the Court.

Local Criminal Rule 57(c) of this Court embodies the longstanding rule that "[t]he presiding judge shall determine in his or her discretion whether or not to allow opening statements." *See, e.g.*, *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 352 (D. Conn. 1990) (whether to permit "[a]n opening statement is a matter for the discretion of the court") (internal quotation marks and citations omitted); *United States v. Evans*, 629 F. Supp. 1544, 1546 (D. Conn. 1986). The trial court's discretion "must be guided by the purpose of a trial; to permit a party a fair opportunity to present its case." *Young & Rubicam, Inc.*, 741 F. Supp. at 352 (internal quotation marks, citation, and modifications omitted).

Accordingly, opening statements are warranted when they will "help jurors better understand the evidence when it is introduced." *Id*. at 353 (internal quotation marks and citation omitted). After all, clarity—as opposed to confusion—is the hallmark of any fairly contested adversarial proceeding. Opening statements provide the jury with a "roadmap" that succinctly sets forth each party's view of the evidence, the witnesses, the charges, and any defenses. Once oriented, it will be easier for the jurors to understand what is to follow and, as a result, be in a far better position to perform their roles as the finders of fact.

By providing context to the jury at the outset of a trial, opening statements enhance the core function of a jury trial as a truth-seeking process. Not surprisingly, courts and commentators have emphasized the significant and traditional role that opening statements play at trial. The Ninth Circuit, for instance, in a widely quoted passage, has observed:

> The practice of permitting attorneys to make opening statements is a practice long accepted as established and traditional in jury trials. It has the practical purpose of directing the attention of the jurors to the nuances of the proposed evidence in such a way as to make the usual piecemeal presentation of testimony more understandable as it is received. Defense counsel in a criminal case is ordinarily more likely than is the trial judge to have a total grasp of the evidence and the inferences to be drawn therefrom. Defendants are entitled to rely on the failure of the evidence of the prosecution and therefore defense counsel may, as an opening statement, content himself with pointing out what facts the Government witnesses will not be able to testify to. We strongly believe that the well established and practical custom of permitting opening statements by counsel at jury trials in criminal cases should be continued in the district courts of this circuit.

*United States v. Stanfield*, 521 F.2d 1122, 1125 (9th Cir. 1975).

Factors that should inform the Court's discretion include the nature of the case and the complexity of the issues presented. Applying these principles here, brief opening statements will be essential to give the jurors an understanding of the case they are about to hear. From the

Government's perspective, a roadmap at the outset of the case that allows jurors to learn the nature of the evidence they will hear, the persons from whom they will hear that evidence, and the Government's theory of the case will allow the jurors to organize the evidence as it is presented during the trial. The Government understands that the opening statement may not contain argument. Likewise, opening statements provide the defendant with an opportunity to present the jury with issues to keep in mind, and if they so choose, to present any defense theory, as the jury hears the Government's case-in-chief. This is a fundamental and critical part of trial advocacy. If the defendant determines not to present an opening statement for strategic reasons, the Government has no objection to an instruction from the Court that only the Government presents opening statements.

## Conclusion

For the reasons set forth above, the Government respectfully requests that the Court grant this motion for leave to make opening statements.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        /s/
        RAHUL KALE
        ASSISTANT UNITED STATES ATTORNEY
        Fed. Bar No. phv02526
        1000 Lafayette Blvd., Floor 10
        Bridgeport, CT 06604
        203-696-3000
        rahul.kale@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019, I filed a copy of this motion, and caused copies of same to be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/
        RAHUL KALE
        ASSISTANT UNITED STATES ATTORNEY