# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAREED AHMED KHAN,<br>   *Defendant.* | No. 3:18-cr-00195 (JAM) |

### ORDER RE PENDING MOTIONS *IN LIMINE*

On September 6, 2018, a federal grand jury returned an indictment charging defendant Fareed Ahmed Khan with a single count of knowingly and willfully making a materially false statement within the jurisdiction of the Federal Bureau of Investigation (FBI). Doc. #58. In anticipation of trial, the parties have filed various motions *in limine*, and this ruling addresses the remaining motions.[1]

**Khan's motion to strike terrorism enhancement (Doc. #94).** Khan moves to strike the portions of the indictment that allege the so-called "terrorism enhancement" to the false statement charge. *See* 18 U.S.C. § 1001(a) (providing for a higher maximum sentence if the false statement "offense involves international or domestic terrorism"). Because the Government no longer opposes this motion, *see* Doc. #122 at 1-2, the Court GRANTS the motion and strikes those portions of the indictment that refer to terrorism or that relate to the terrorism enhancement in the false statement statute.

**Khan's motions to disclose identity of confidential informant (Docs. #95 and #99).** Khan moves for the Government to disclose the identity of a confidential human source who made statements about him. Because the Government represents that it will not call the

---

[1] The parties' positions have evolved since the initial filing of the motions. If the Court has misunderstood any party's current position or otherwise overlooked an important factor, counsel are invited to alert the Court so that it may reconsider its ruling.

1

informant as a witness at trial, *see* Doc. #100 at 1, 6-7, or otherwise introduce any statements made by the informant in its case-in-chief, the Court DENIES the motions for lack of a showing of need for disclosure. In the event that Khan chooses to testify or present defense witnesses, and if the Government believes that any statements made by the confidential informant are proper grounds for impeachment or reference in any form at trial, the Government shall furnish adequate advance notice to Khan and to the Court of its request for leave to use such statements.

**Government's omnibus motion *in limine* (Doc. #109).** The Government has filed an omnibus motion *in limine* that seeks the admission of several categories of evidence:

1. *Evidence of dealings with Hussain Chippa and "hawala" relationship.* The Government seeks to introduce evidence of Khan's dealings and transactions with Hussain Chippa and to refer to the nature of this relationship as a "hawala" or "hawaladar" relationship. Khan's extensive financial and commercial dealings with Chippa (and his third-party designees) is highly relevant to the Government's case-in-chief pursuant to Fed. R. Evid. 401, especially with respect to the alleged false statement by Khan that "[t]he only packages he has ever sent to Pakistan were to his sister and brother and contained clothing." Doc. #58 at 2. Moreover, in view of the unconventional nature of this financial and commercial relationship as well as Khan's agreement when interviewed that it was a "hawala" relationship, *see* Doc. #125-6 at 3, it is relevant and proper for the Government to refer to the relationship by the "hawala" name. The probative value of evidence relating to Khan's financial and commercial dealings with Chippa and of the reference to "hawala" is not substantially outweighed by unfair prejudice pursuant to Fed. R. Evid. 403. And to the extent that any of this evidence arguably falls with the scope of Fed. R. Evid. 404(b), the

evidence is proper as it goes to Khan's intent and motive for making the allegedly false statements to the FBI. The parties have conditionally agreed upon a stipulation regarding "hawalas," *see* Doc. #122-1, and the jury will be instructed upon request that a "hawala" relationship is not inherently illegal and that it is for the jury to decide whether the nature of the relationship here was indeed a "hawala" relationship. Accordingly, the Court GRANTS the Government's omnibus motion *in limine* to the extent that the Government may introduce evidence of Khan's financial and commercial dealings with Chippa (and his third-party designees) that involved the shipment of packages to Pakistan and that the Government may refer to this relationship as a "hawala" relationship. In light of the Court's striking of the terrorism enhancement and the Government's declaration that it will not introduce evidence concerning terrorism or material support thereof in its case-in-chief, *see* Doc. #128 at 2, the Court DENIES the Government's motion *in limine* to the extent that the Government would seek to link any of this evidence to terrorism.

2. *Selective prosecution.* The Government moves *in limine* to preclude Khan from arguing that he was subject to investigation and prosecution on unconstitutional grounds such as his religion. The Court GRANTS this aspect of the Government's omnibus motion on the ground that Khan has not moved prior to trial and established the requisites for a selective-prosecution defense. *See* Fed. R. Crim. P. 12(b)(3)(A); *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011). This ruling is without prejudice to Khan's right to urge the jury that it should evaluate the evidence and base its decision in this case without respect to his race, national origin, religion, or any other protected ground.

3. *Khan's proffer statements.* The Government moves *in limine* to introduce Khan's proffer statements in the event that Khan opens the door to their admission. On August 2, 2019, the Court held a pre-trial conference with the parties and GRANTED the Government's omnibus motion as to proffered statements on the consent of the parties and subject to the Government's advance notice to Khan and the Court of its intention to use any such statements at trial so that the Court may determine whether there is a proper basis to do so. *See* Doc. #118.

**Khan's motion *in limine* to exclude hearsay statements (Doc. #113).** Khan moves *in limine* to exclude statements on Facebook by his brother, Naveed Khan, as well as Khan's own statements to the Government's confidential informant. In light of the Government's stated position that it does not intend to introduce any of these statements or evidence about Naveed Khan's support for LeT or FIF, *see* Doc. #128 at 2, the Court DENIES this motion as moot.

**Khan's motion *in limine* re use of the term "hawala" (Doc. #114).** The Court DENIES this motion on the ground stated above with respect to the granting of the Government's motion *in limine* to refer to the term "hawala" (Doc. #109) and subject to the limitations described above.

**Khan's motion *in limine* to exclude evidence of cash deposits (Doc. #115).** The Court DENIES this motion on the ground stated above with respect to the granting of the Government's motion *in limine* to introduce evidence of cash deposits related to Khan's dealings with Hussain Chippa and involving shipment of packages to Pakistan (Doc. #109). This evidence is relevant and admissible pursuant to Fed. R. Evid. 401, 403 and 404(b).

**Khan's motion *in limine* re news article and photos taken during search of Khan's home (Doc. #125).** Khan has filed an additional motion *in limine* that seeks to preclude other items of evidence:

1. *News article.* Khan moves *in limine* to preclude the introduction of a news article that was shown to him during one of the FBI's interviews. *See* Docs. #125-1; #125-2 at 9-10. The Court DENIES this aspect of Khan's motion as moot in light of the Government's representation that it will not seek to introduce this article at trial or to elicit testimony that casts ICNA in a negative or criminal light. *See* Doc. #128 at 1.

2. *Photographs of cash at home.* Khan further moves to preclude photographs of envelopes with cash, which were taken by law enforcement agents when they searched Khan's home pursuant to a federal search warrant. The Court DENIES this aspect of Khan's motion, because this evidence is relevant to the Government's contention that Khan was collecting cash on behalf of ICNA and that he knowingly and willfully made a materially false statement when he allegedly told the FBI that "[h]e had never collected any type of charitable donations for ICNA or any other charitable organization." Doc. #58 at 1; Fed. R. Evid. 401. Although the search of the house and the discovery of this cash occurred in October 2015, nearly four months after Khan's allegedly false statement to the FBI in June 2015, a jury could reasonably infer that Khan's possession of envelopes of cash indicated activity that was ongoing, both prior to and after the alleged false statement. The amount of cash is not particularly large, and the probative value of this evidence is not substantially outweighed by the possibility of unfair prejudice. *See* Fed. R. Evid. 403.

3. *Photo of two shotgun cleaning kits.* Khan moves to preclude a photo of two shotgun cleaning kits found at his home and related testimonial evidence. The Court GRANTS this aspect of Khan's motion because this evidence has at best marginal probative value, and its marginal probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 401, 403. The kits were found nearly four months after Khan made the alleged false statements. Because there is no indication that Khan possessed these kits at the time he allegedly lied to the FBI or evidence that he had previously shipped kits to Pakistan, the photos of shotgun cleaning kits that were *not* shipped to Pakistan does not tie directly to the content of any alleged false statement. Furthermore, absent any evidence as to when the kits came into his possession, the fact that shotgun cleaning kits were found in Khan's home in October 2015 says very little about his intent or motive when speaking to FBI agents in June 2015. Against this marginal probative value is a significant risk of unfair prejudice to Khan to the extent that the jury may draw nefarious inferences from gun-related evidence that has no proper relation to its evaluation of the false statement charge. Nor is the Court convinced that the shotgun cleaning kits are relevant to whether Khan's alleged false statements were material to the FBI investigation.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the parties' motions *in limine* as set forth in this ruling.

It is so ordered.

Dated at New Haven this 10th day of September 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge