UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAREED AHMED KHAN,<br>    *Defendant*. | No. 3:18-cr-00195 (JAM) |

**ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**

A federal trial jury returned a guilty verdict against defendant Fareed Khan for knowingly and willfully making a false statement to federal law enforcement agents in violation of 18 U.S.C. § 1001(a). Khan has moved for a judgment of acquittal or a new trial, contending that the evidence was not sufficient. I do not agree and see no grounds to grant a judgment of acquittal or new trial.

### BACKGROUND

Khan was an auto mechanic who came under federal investigation in part because of cash deposit banking transactions that were believed to be inconsistent with his receipt of wages as an auto mechanic and because of his sending of packages to Pakistan. Doc. #161 at 9, 11. Federal law enforcement agents interviewed Khan with his attorney present in June 2015. As a result of statements he made during the course of this interview, Khan was charged by a federal grand jury with knowingly and willfully making materially false statements in a matter within the jurisdiction of the U.S. government in violation of 18 U.S.C. § 1001(a). Doc. #58.

The case proceeded to trial. At the close of the evidence, I instructed the jury on the elements of the charged crime:

1. First, the prosecution must prove Mr. Khan made one or more of the statements that is the basis for the charge;

1

2. Second, the prosecution must prove that the statement was false;

3. Third, the prosecution must prove that the false statement was material—that is, it had a natural tendency to influence or to be capable of influencing the decision of a reasonable decision-maker—to the government of the United States, here the Federal Bureau of Investigation or the FBI;

4. Fourth, the prosecution must prove that Mr. Khan made the false statement knowingly and willfully, meaning that he acted both with knowledge that he was making an untrue statement and that he intended to mislead or deceive the FBI; and

5. Fifth, the prosecution must prove that the false statement concerned a matter that was within the jurisdiction of the United States government, here the FBI.

Doc. #152 at 8. The jury returned a guilty verdict, concluding that the Government had proved each and every element as to Khan's statement during the course of his interview that "the only packages he has ever sent to Pakistan were to his sister and brother and contained clothing." Doc. #142.[1]

Khan now moves for a judgment of acquittal or a new trial on the ground that the evidence was not sufficient to support his conviction. According to Khan, "the Government presented such meager evidence on the elements that (1) Mr. Khan made the statement as alleged, (2) that the statement was false, and (3) that Mr. Khan knowingly and willfully made the false statement, that warrants a judgment of acquittal in this matter." Doc. #157 at 6-7.

## DISCUSSION

Rule 29 of the Federal Rules of Criminal Procedure allows for a criminal defendant to move for entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. *See* Fed. R. Crim. P. 29. For purposes of a motion for a judgment of acquittal, I must review the

---

[1] Although the indictment alleged five additional false statements, the jury was told that if it concluded that the Government had proved its case as to any single one of the alleged false statements, then it need not consider the additional alleged false statements. *See* Doc. #152 at 8.

evidence in the light most favorable to the Government, defer to the jury's assessments of witnesses' credibility and the weight of the evidence, and sustain the jury's verdict if any rational trier of fact could have found the evidence sufficient to establish the essential elements of the crime beyond a reasonable doubt. *See United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018).

Rule 33 of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (internal quotations omitted). The "ultimate test" for a Rule 33 motion is "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018) (citation omitted).

Khan first argues that the evidence was not sufficient to show that he actually made the statement at issue: that "[t]he only packages he has ever sent to Pakistan were to his sister and brother and contained clothing." Doc. #58 at 2. He faults the lack of a transcript of his interview and the lack of any verbatim recitation of the alleged false statement in law enforcement notes of the interview. But he does not cite any precedent that requires a transcript or other recording of a statement that serves as the basis for a false statement charge. To the contrary, the case law makes clear that a false statement charge does not depend on the existence of a transcript or other formal recording of the statement that is alleged to be false, and it is for a jury to decide whether the lack of such corroboration undermines a finding that any false statement was made. *See, e.g., United States v. Ricard*, 922 F.3d 639, 651-52 (5th Cir. 2019); *United States v. Subeh*, 2006 WL

219968, at *7 n.11, *report and recommendation adopted*, 2006 WL 1875407 (W.D.N.Y. 2006); *United States v. Cisneros*, 26 F. Supp. 2d 24, 43 (D.D.C. 1998).

Khan also challenges the testimony of the law enforcement agent—Air Marshal Thomas Gannon—who testified about what Khan said during the interview. The interview was conducted by another federal law enforcement agent (who did not testify), and Gannon as well as Khan's attorney were also present for the interview.

Gannon testified in relevant part that Khan "told us that he had sent them [his brother and sister in Pakistan] clothing and that he used the U.S. Postal Service to do that." Doc. #153 at 25. Then Gannon stated that the other law enforcement agent who was part of the interview "followed up with asking Mr. Khan if he had any knowledge of anybody sending any packages or materials to Pakistan," and "Mr. Khan said that he didn't and that he only had the clothing that he had sent there." *Ibid.* After Gannon acknowledged on cross-examination that he was "not a hundred percent sure what ... was asked" to elicit Khan's statement about the clothing, Doc. #156 at 37, Gannon agreed on re-direct examination by the prosecutor that he did not have "any uncertainty that [Khan] denied sending packages to Pakistan that contained something other than clothing to his brother and sister." *Id.* at 44-45.

In light of this testimony, a reasonable jury could have concluded beyond a reasonable doubt that Khan made the charged statement at issue. "It is not for the court on a Rule 29 motion to make credibility determinations." *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000). Moreover, because the reasonable doubt standard does not require absolute certainty, *see United States v. Kelly*, 349 F.2d 720, 764 (2d Cir. 1965), the fact that Gannon acknowledged that he could not be one hundred percent certain what question was asked to prompt Khan's response

4

did not preclude a jury as a matter of law from concluding beyond a reasonable doubt that Khan made the charged statement at issue.[2]

Khan further argues that Gannon's testimony was not consistent with the contemporaneous handwritten notes of the interview that were written by the other law enforcement agent and admitted at trial. Def. Ex. #2. Again, however, it is for a jury to sort out any contradictions or discrepancies in the evidence, and such deficiencies do not ordinarily furnish the basis for the grant of a judgment of acquittal. *See, e.g., Autuori*, 212 F.3d at 118 ("serious contradictions and conflicts in the government's evidence" do not warrant grant of judgment of acquittal where the evidence was otherwise enough to support a jury's decision one way or another).

Moreover, the notes were fragmentary in nature. *See* Doc. #160 at 6 (reciting relevant part of notes). Although the notes did not purport to render a verbatim recitation of particular statements made by Khan, a reasonable jury could have concluded from the fact that the notes referred to Pakistan ("Pak") and to shipments made by Khan to his brother and sister ("Ship U.S.P.S. bro/sis") that they were on the whole consistent with Khan's having told the agents that the only shipments he made to Pakistan were to his brother and sister and contained clothing.

Khan also argues that Gannon's testimony was inconsistent with the testimony of Khan's attorney—Peter Goselin—who testified for Khan as part of the defense case. Goselin flatly denied that Khan stated that the only packages he had sent to Pakistan were to his sister and brother and contained clothing. Doc. #154 at 15-16, 18. But it was well within the province of the jury to discount Goselin's testimony. And it had multiple grounds to do so in light of

---

[2] Regardless of any dispute about the precise wording of the question that was asked, the jury was instructed that "[i]f the statement was made as part of an answer to a question, and the question was ambiguous so that the question reasonably could have been interpreted in several ways, then the prosecution must prove that Mr. Khan's answer was untrue under every reasonable interpretation of the question." Doc. #152 at 9.

Goselin's inability to recall the date of the interview, Goselin's failure to take detailed notes of the interview or even to record the names of the agents who participated in the interview, Goselin's duty of loyalty as counsel to Khan, and Goselin's anti-law-enforcement bias as evidenced by inflammatory tweets that Goselin posted on the Internet. *Id.* at 6, 26-28, 44.

Khan next argues that the evidence was insufficient to show that his statement was knowingly and willfully false. But this argument runs against a mountain of evidence introduced by the Government to show that Khan was integrally involved for years in the shipment of medical supplies to persons other than his brother or sister in Pakistan. Business records showed the deposit of more than $200,000 into one of Khan's bank accounts from 2007 to 2015 related to payments from a Pakistani man named Hussain Chippa, and it showed Khan's shipment in turn of more than 60 packages to two recipients in Pakistan over the course of seven years. Doc. #160 at 3-4; Doc. #161 at 9-32.

On May 15, 2015, law enforcement agents intercepted two of these packages from the mail in Connecticut, and they found used medical equipment inside and address markings reflecting Khan as the sender and an unknown party in Pakistan as the recipient. Doc. #160 at 4. These two packages were sent only six weeks before the interview of Khan on June 26, 2015, at which time Khan claimed that the only packages he had ever sent to Pakistan were to his brother and sister and contained clothing.

A later search of Khan's home in October 2015 resulted in the discovery of more packaging materials related to Hussain Chippa and medical devices and equipment. *Id.* at 6. Khan admitted when interviewed again at that later time to ordering items to be shipped to his house and to repackaging and shipping them to Chippa in Pakistan. *Ibid.*

In light of the large amount of money and financial and mailing transactions over the course of many years and the continuation of this activity until very near the time that Khan was interviewed by the law enforcement agents in June 2015, the evidence was easily sufficient to show that Khan knowingly and willfully made a false statement when he stated that the only packages he had sent to Pakistan were to his brother and sister and contained clothing. A reasonable jury could have concluded that Khan knew this statement was false and that he intended to mislead law enforcement agents about his large number of transactions for fear that disclosing them might draw even more law enforcement scrutiny than he had already drawn leading up to the interview. Doc. #160 at 7-8, 13-14 (discussing how operation of cross-border "hawala" transaction practices may violate U.S. law).

All in all, I conclude that the evidence was sufficient to sustain the jury's false statement verdict such that I may not grant Khan's motion for judgment of acquittal. Although the law affords me limited discretion to grant a new trial, I will decline to do so because I am not convinced that the trial was infected by any fundamental error or that allowing the jury's verdict to stand would result in any miscarriage of justice.

## CONCLUSION

For the reasons set forth above, the Court DENIES the motions for a judgment of acquittal pursuant to Rule 29 and for a new trial pursuant to Rule 33 (Docs. #138, #157).

It is so ordered.

Dated at New Haven this 30th day of December 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge